D. S. MACFARLANE, J. L. MAIRSON AND M. B. MACFARLANE, APPELLANTS, v. E. J. HILLS, APPELLEE.

1. In a proceeding in chancery for the foreclosure of a mortgage where several parties are named as defendants, and some of them have not been served with process and have not appeared, and the case was not dismissed as to them, and where no replication has been filed to the answers of two of the defendants, the chancellor commits no error in refusing to finally hear the case on the motion of one

of the parties defendant; but a subsequent order referring the case to a Master to take testimony, in that condition of the pleadings, is erroneous.

2. The practice stated where the complainant neglects or refuses to take proper steps to bring the cause to issue.

3. Rules 85 and 86 of the Circuit Court in suits in equity do not control the procedure in a case where the issues are not made up as to all the defendants who are alleged to be interested in the matters which are litigated.

This case was decided by Division B.

Appeal from Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*Solon B. Turman, F. M. Simonton* and *Macfarlane & McKay*, for Appellants.

*C. C. Whitaker*, for Appellee.

Hocker, J. Appellee filed a bill to foreclose a mortgage in the Circuit Court of Hillsborough county on certain real estate situated in said county on the 20th of November, 1902. J. H. Dorsey, Emily C. Dorsey, his wife, Flora Lewin as executrix of the will of H. K. Lewin, D. S. Macfarlane and J. J. Carsons were the defendants in the bill. J. H. Dorsey and Emily C. Dorsey were the alleged mortgagors, and the other defendants were alleged to have or to be claiming some interest in the mortgaged premises, the precise nature of which was unknown to the orator, as purchasers, mortgagees, judgment creditors or otherwise; but the bill alleges that such

interests accrued since and are subordinate to the mortgage lien of the orator. The bill contains various exhibits as parts of it.

On September 4th, 1903, D. S. Macfarlane filed an answer to the bill setting up in substance that the mortgage was never properly executed or recorded, and that he was an innocent purchaser for value and without notice. A certified copy of the record of the mortgage is attached as part of the answer, from which it appears that the acknowledgment of J. H. Dorsey was not put in the record when the mortgage was spread thereon.

On September 14th, 1903, J. L. Mairson, who does not otherwise appear to be a party to the cause, filed a plea setting up in substance that he was a purchaser of a part of the mortgaged premises, for value and without notice.

On November 2nd, 1903, J. H. Dorsey and Emily C. Dorsey filed a joint and several answer, denying all the allegations of the bill.

On October 5th, 1903, the complainant filed replications to the answer of D. S. Macfarlane, and to the plea of Mairson. In this condition of the pleadings D. S. Macfarlane, on the 8th of January, 1904, set the cause down for final hearing and served notice of the hearing upon C. C. Whitaker, solicitor for complainant.

On April 11th, 1904, the Circuit Judge denied the motion for final hearing because the pleadings were not in condition for a final hearing.

On the 9th of May, 1905, D. S. Macfarlane and J. L. Mairson again set down the cause for final hearing and gave notice of hearing to solicitor of complainant.

On the 31st of May, 1905, the Circuit Judge made the following order: "As the court will refer this cause to a master to take testimony, the court will decline to hear the cause on bill and answer."

On the same day, on the petition of solicitor for complainant, the court appointed a master to take the testimony. From these two orders an appeal to this court was entered by D. S. Macfarlane and J. L. Mairson, and M. B. Macfarlane, assignee.

It is assigned as error that the Circuit Judge erred in not granting a decree in favor of defendants and dismissing the bill, and also that he erred in appointing a master to take the testimony.

We do not think the Chancellor erred in refusing to finally hear the case on the motion of D. S. Macfarlane and J. L. Mairson. The pleadings were not in condition for a final hearing. The record does not show that Flora Lewin as executrix, or J. J. Carsons who were defendants in the bill, had ever been served with process, or had appeared to or answered the bill. Nor that the bill was dismissed as to these parties. Nor does it show that any replication had been filed to the answers of the Dorseys. It does not show that Mairson was a party defendant in the suit.

In Graham v. Elmore, Harrington's Chan. Rep. (Mich.) 265, it is held that although a cause may be in readiness for a hearing against one defendant, where there are other defendants as to whom the cause is not in readiness, the defendant who has appeared and answered can not notice the cause for a hearing, but must move to dismiss the bill for want of prosecution. The same doctrine is laid down in Vermilyea v. Odell, 4 Paige's Chan. 121; 6 Ency. Pl. & Pr., 904-905. The reason of this rule is obvious. If there be more than one defendant the court ought not to be asked to make as many final decrees in a cause as there are defendants, but usually one final decree should dispose of the rights of all the parties. If the

complainant neglects or refuses to bring all the defendants in the court upon proper issues the proper remedy of a defendant who has answered, is to move to dismiss the bill for want of prosecution. If there has been inexcusable neglect, the bill should be dismissed, or terms imposed on complainant, and in default of compliance the bill should stand dismissed as to the moving defendant or defendants. Rules 85 and 86 of the Rules of the Circuit Court in Suits in Equity have no controlling application to a case where the issues are not made up as to all the defendants who are alleged to be interested in the matters which are litigated. 10 Ency. Pl. & Pr., 10.

It follows from what has been said that the judge erred in referring the case to a master to take testimony when the issues were not made up, and the said order is hereby reversed and the cause remanded for further proceedings.

TAYLOR and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.