WILLIE TERRELL VERDIER, *Appellant, v.* THE CITY OF TAMPA, A MUNICIPAL CORPORATLON, AND DAN F. CARLTON, *Appellees.*

Opinion Filed October 26, 1923.

1. Three months' time after the cause is at issue as to all proper parties defendant is allowed for the taking of testimony in a chancery suit. Rule 71, Rules of Circuit Courts. Equity.

2. Final hearing of a chancery suit on bill and answer is error where it appears that the three months' period allowed for taking testimony after the cause is at issue has not expired

and that no testimony has been taken for the defendants, and the final hearing is objected to by a defendant who is a proper party to the suit, as to whom the cause is not at issue, and such defendant has not waived or forfeited his right to be further heard.

This case was decided by Division B.

An Appeal from the Circuit Court for Hillsobrough County; F. M. Robles, Judge.

Reversed.

*Whitaker, Himes & Whitaker,* for Appellant;

*Jackson & Dupree* and *E. B. Drumright,* for Appellees.

WEST, J.—This is a suit in equity instituted in the circuit court of Hillsborough County to set aside a sale of a certain lot of land in the City of Tampa, in a proceeding by the City of Tampa to enforce tax liens upon the property. The alleged equity is fraud and irregularity in the proceedings in which the lot was sold. On a former appeal to this court it was determined that there is equity in the bill and an order sustaining a demurrer to the bill was reversed. Verdier v. City of Tampa, 81 Fla. 762, 89 South. Rep. 144.

The cause having been remanded, the defendant Carlton, on August 1, 1921, filed his answer to the bill. On October 3, 1921, complainant filed her praecipe for decree pro confesso against the City of Tampa. On October 15, 1921, a special master was appointed to take and report the testimony to the court. On December 8, 1921, the defendant Carlton set the cause down for final hearing on bill and answer. On December 9, 1921, there was filed in the cause

a certificate of the clerk of the circuit court that no decree pro confesso had been entered against the City of Tampa. On the same day, upon motion of complainant, a decree pro confesso was entered by the court against the defendant City of Tampa, and the order previously made appointing a special master was vacated. On December 13, 1921, complainant filed her written objections to the hearing on bill and answer, but the objections were overruled, and on December 31, 1921, a final decree was entered dismissing complainant's bill of complaint. The appeal is from this final decree.

Upon the filing of his answer the cause was at issue as to the defendant Carlton (§3121, Rev. Gen. Stats.), but not so as to the City of Tampa, an apparently proper, if not necessary, party to the suit. The order dated December 9, 1921, entering a decree pro confesso against defendant City of Tampa and vacating the order appointing a special master to take testimony, recognized that the cause was prematurely set down for final hearing on bill and answer. The hearing over complainant's objections, on December 31, 1921, was error, three months' time allowed under the rule (Rule 71, Rules of Circuit Courts— Equity) not having elapsed after the issues were made up. In Macfarlane v. Hills, 50 Fla. 566, 39 South. Rep. 994, this court said: "In Graham v. Elmore, Harrington's Chan. Rep. (Mich.) 265, it is held that although a cause may be in readiness for a hearing against one defendant, where there are other defendants as to whom the cause is not in readiness, the defendant who has appeared and answered can not notice the cause for a hearing, but must move to dismiss the bill for want of prosecution. The same doctrine is laid down in Vermilyea v. Odell, 4 Paige's Chan. 121; 6 Ency. Pl. & Pr. 904-905. The reason of this rule is obvious. If there be more than one defendant the court

ought not to be asked to make as many final decrees in a cause as there are defendants, but usually one final decree should dispose of the rights of all the parties.  If the complainant neglects or refuses to bring all the defendants in the court upon proper issues the proper remedy of a defendant who has answered, is to move to dismiss the bill for want of prosecution.  If there has been inexcusable neglect, the bill should be dismissed, or terms imposed on complainant, and in default of compliance the bill should stand dismissed as to the moving defendant or defendants. Rules 85 and 86 of the Rules of the Circuit Court in Suits in Equity have no controlling application to a case where the issues are not made up as to all the defendants who are alleged to be interested in the matters which are litigated.''

That case is decisive of the question presented by this appeal.  The parties should have been permitted, within the time allowed by the rule, after the cause was at issue, to submit their evidence.  For the error pointed out the decree is reversed and the cause remanded for further proceeding.

Reversed

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.