GRACE OLMSTEAD BORST, and IDA OLMSTEAD COOK, *Appellants*, v. JAMES GALE, WILLIAM D. GALE, and MARIE B. GALE, *Appellees*.

En Banc.

Opinion filed February 15, 1930.

*L. W. Nelson*, for Appellants;

No appearance for Appellees.

DAVIS, Commissoner:

A bill was filed by the appellants in the circuit court in and for Putnam County, for the purpose of quieting the title to real estate, and the appellees, James Gale, William D. Gale, and Marie B. Gale, together with numerous other parties, if living and if dead, their unknown heirs at law,

legatees, devisees or grantees, were therein named as defendants to the suit.

James, William D. and Marie B. Gale, appeared in the cause and answered the bill. Several months after the said answer was filed, the court made a decree in said cause which reads as follows:

"This cause having come on to be heard this 25th day of January, A. D. 1928, at chambers, in Palatka, Florida, there being present J. N. Blackwell, representing the complainants, and Julian C. Calhoun, representing the defendants, James Gale, William D. Gale and Marie B. Gale; and the time for taking testimony having long since lapsed, by agreement of counsel, this cause was set down for hearing upon the bill and answer; and

"Whereas, after due consideration of the pleadings herein, the court doth find that the allegations of the bill of complaint against the defendants, James Gale and William D. Gale, and Marie B. Gale have not been sustained; it is,

"Thereupon, ordered, adjudged and decreed by the court that said cause be, and the same is, hereby dismissed at the cost of the complainants, and that said cause is dismissed without prejudice to the complainants."

The only reason urged in brief of the appellants for a reversal of the decree is that the complainants did not set down the case on bill and answer.

After a cause is at issue and the time for taking testimony has elapsed, unless further time for the taking of testimony is agreed upon by the parties or allowed by the court, rule 85 for the government of the circuit courts

in equity, authorizes either party, at any time to set a cause down for a hearing.

The record does not show that any of the defendants, except those named in the decree had ever been served with process or had appeared to and answered the bill, nor does it show that prior to the making of said decree, the bill was dismissed as to them.

This cause was not at issue as to all the defendants, though it was at issue as to those who had answered, and but for the consent of complainants, the court would have erred in dismissing the cause, the hearing being upon bill and answer. Macfarlane v. Hills, 50 Fla. 566, 39 So. R. 994; Verdier v. City of Tampa, 86 Fla. 341, 98 So. R. 75.

It is the rule in this jurisdiction that irregularities in chancery practice, at one's instance and by his consent are not available to reverse a final decree entered against him. Lovett v. Lovett, 93 Fla. 611, text 649, 112 So. R. 768; Thompson v. Kyle, 39 Fla. 582, 23 So. R. 12.

The complainants did not have to agree that the cause be set down for a hearing upon bill and answer, but having so agreed, they cannot now complain that the hearing was had.

The decree of the circuit court is affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the court below should be, and the same is hereby, affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.