MICHAEL MARX, *et al.,* v. AUBREY V. WITHERS, *et al.*

160 So. 662.
Division B.
Opinion Filed April 10, 1935.
Rehearing Denied May 13, 1935.

*Lee J. Clyatt* and *Carver & Langston,* for Appellants;

*Orvil L. Dayton, Jr.,* and *George C. Dayton,* for Appellees.

BUFORD, J.—Appellants present five questions for determination by this Court on an appeal from a final decree dismissing a bill of complaint to foreclose a mortgage.

The first two questions challenge the order of the court referring the cause to a special examiner on motion of complainants. The complainant, having moved for the order, cannot be heard to challenge the propriety thereof when made in accordance with his motion.

The third question challenges the action of the Court in making an order of reference without the appointment of a Guardian *ad litem* to represent minor defendants. The order of reference appears to have been made on motion of complainants and, therefore, they cannot be heard to complain of it.

The fourth question challenges the jurisdiction of the court to enter a final decree in the absence of showing of service of process on or appearance of certain defendants remaining parties to the cause. Complainants did not move to dismiss the absent parties. The order dismissing the bill dismisses all defendants and does not prejudice any defendants. The complainants' position or status is not prejudiced because some defendants were not dismissed before final decree dismissing bill of complaint.

The fifth question challenges the sufficiency of the evidence to establish the defense interposed to the effect that the obligation had been discharged before suit. The evidence is conflicting and following the well established rule in this jurisdiction, the decree of the Chancellor on the evidence will not be disturbed unless it is made clearly to appear that the findings of the Chancellor were erroneous. The appellants have not met this burden.

The decree should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.