E. L. HAWKINS, as Administrator *de bonis non* of the Estate of Wise Perry, Deceased, v. HOWARD PERRY.

1 So. (2nd) 620
Special Division A
Opinion Filed April 25, 1941
Rehearing Denied May 5, 1941

*Carroll Dunscombe,* for Appellant;

No appearance for Appellee.

PER CURIAM.—This case is before us on appeal entered the 2nd day of October, 1940. Notice of appeal states that the appeal is "from that certain interlocutory order denying his motion to require the defendant to account and produce

the records of plaintiff's estate, said order being recorded in Chancery Order Book 8 at page 192, and from the final decree dismissing his suit entered on the 23rd day of July, 1940, in that certain cause pending in the Circuit Court for Martin County, Florida, in Chancery, wherein E. L. Hawkins as administrator aforesaid was plaintiff and Howard Perry was defendant, said decree being recorded in Chancery Order Book Number 8 at page 302 in the Clerk's office of said court."

It is noted that the appeal is from two orders. The first order, being referred to as being entered in Chancery Order Book 8 at page 192, was entered on March 1, 1940, and recorded on March 4, 1940, in words and figures as follows:

"This cause coming on this day to be heard upon the Motion of the Plaintiff to require the Defendant to file a complete sworn accounting of the property of the estate of Wise Perry and for the production of books, records, etc., and upon argument of counsel the court being advised in the premises;

"IT IS HEREBY ORDERED that the said Motion be, and the same is hereby, denied.

"DONE AND ORDERED in Chambers at Fort Pierce, Florida, this 1st day of March, A. D. 1940."

The motion on which that order was entered was as follows:

"Comes now the plaintiff by his undersigned attorney and moves the court to require the defendant to file a complete sworn accounting of the property of the estate of Wise Perry that came into his hands, what disposition he has made of such property and support said accounting with receipted bills or vouchers in order to show the alleged debts so paid were lawful debts of said estate and thereafter to produce all the books, records and papers con-

taining, or believed to contain, evidence relative to the estate of Wise Perry, deceased, which are in the possession or control of the defendant for inspection by the plaintiff before and use at the trial of such reasonable terms and conditions as may be presented by the court in its order on such motion."

The motion was unverified, did not show that any property of the estate of Wise Perry, deceased, had come into the hands of the defendant Howard Perry, and was entirely insufficient to warrant the court in issuing a blanket order such as was sought.

The second order complained of was entered upon the motion of the complainant and, therefore, the complainant could not be heard to challenge the correctness of that order on appeal to this Court. When the notice of appeal was entered, the time had expired within which appeal could have been taken from the order entered March 1, 1940, and recorded March 4, 1940. As the order of July 23, 1940, dismissing the cause was entered at the instance and request of the plaintiff, the appellant here, he cannot be heard to challenge the correctness of such order. See Dorman v. Dorman, 125 Fla. 280, 169 Sou. 867; Marx v. Withers, 119 Fla. 692, 160 Sou. 662; Borst v. Gale, 99 Fla. 376, 126 Sou. 290. The appeal from that order will not serve as the vehicle to bring up for review orders as to which the time for appeal has expired.

It, therefore, follows that the appeal should be dismissed and it is so ordered.

BROWN, C. J., WHITFIELD, BUFORD and CHAPMAN, J. J., concur.