TILLMAN PEARSON, Judge.
The appellant, as plaintiff in the trial court, filed an action at law alleging libel of the plaintiff by the defendant. The defendant filed a motion to dismiss the complaint for failure to state a cause of action and a motion to strike portions of plaintiff’s complaint. A hearing was had at which time the trial judge stated that he was of the opinion that substantial portions of the complaint failed to state 'a cause of action but he requested memoranda of law from plaintiff and defendant in support of their respective positions. The appellee, as defendant, filed its memorandum of law and' the appellant-plaintiff submitted to the trial judge a letter which, excluding the salutation and the closing, reads as follows:
“Considering the indication of the Court that it intends to dismiss all paragraphs of the Complaint as not stating a cause of action for libel per se except that paragraph concerning an allegation posed in a form of a question; and further considering the memorandum of law submitted by the Defendant; and wishing to clarify the entire Complaint as either stating libel per se or not, it is respectfully requested that this Court grant the Motion to Dismiss filed by Defendant on the grounds that the Complaint does not state libel per se without leave to amend in libel per ser in order that the allegations might be resolved by the District Court of Appeal.
“This letter is respectfully written not in agreement with the contentions of the Defendant nor in agreement with the indications of the Court to rule against Plaintiff, but is done with the thought in mind that further delays can be avoided by presenting the Complaint in the Appellate Court.”
*825 The court entered its order dismissing the action in the following language:
“THIS CAUSE came on to be heard before me upon the Defendant’s Motion to Dismiss and having heard from counsel for the respective parties and further having received a memorandum of law from the Defendant and the attached letter from Plaintiff, and being fully advised, it is,
“ORDERED AND ADJUDGED that the Defendant’s Motion to Dismiss is hereby granted, and that the Plaintiff’s Complaint be and the same is hereby dismissed * *
Thereafter, the plaintiff lodged its appeal in this court and the appellee moved to dismiss the appeal upon the ground that “the appellant, plaintiff below, invited the error he complains of by requesting the trial judge to enter the order appealed from by way of letter incorporated in the trial court’s orders of dismissal * *
It is appellant’s position that he did not in fact request the dismissal of his action but that he requested the trial court to either proceed to trial on the original complaint, which alleged libel per se, or dismiss the complaint rather than sustain an immaterial portion thereof, and that he did so in order that an immediate appeal could be perfected, thus expediting the judicial process. The appellee contends that when the plaintiff, instead of filing a memorandum of law in accordance with the court’s request, made an unqualified request that the cause be dismissed, he thereupon waived his right to appeal. The appellee relies upon the rule stated in Hawkins v. Perry, 146 Fla. 766, 1 So.2d 620, 621, where it was said:
“As the order of July 23, 1940, dismissing the cause was entered at the instance and request of the plaintiff, the appellant here, he cannot be heard to challenge the correctness of such order. See Dorman v. Dorman, 125 Fla. 280, 169 So. 867; Marx v. Withers, 119 Fla. 692, 160 So. 662; Borst v. Gale, 99 Fla. 376, 126 So. 290.”
On the authority of Hawkins v. Perry, supra, and the other cases cited therein, the instant appeal must be dismissed.
Moreover, it is our view that the procedure employed circumvented the normal channels of pleading, and in effect, attempted to make the appellate court the first court to consider and rule upon the sufficiency of plaintiff’s complaint. Such a procedure would, in effect, permit the plaintiff to do indirectly what he could not do directly under the Florida Rules of Civil Procedure. Therefore, the motion to dismiss this appeal is granted and the appeal is hereby dismissed.
It is so ordered.