374 So.2d 572 (1979)
Sylvia BEHAR, Appellant,
v.
SOUTHEAST BANKS TRUST COMPANY, N.A., Personal Representative of Alberto Behar, Appellee.
Nos. 78-2197, 79-394 and 79-395.
District Court of Appeal of Florida, Third District.
August 7, 1979.
Rehearing Denied September 14, 1979.
*573 Schuster & Stratton and Douglas D. Stratton, Miami Beach, for appellant in no. 78-2197.
Sylvia Behar, in pro per. in nos. 79-394 & 79-395.
David T. Berg and Sherwin Gross, Miami, Franklin, Ullman, Kimler & Entin, P.A., and Michael W. Ullman, North Miami Beach, for appellee.
Before BARKDULL and HUBBART, JJ., and CHAPPELL, BILL G., Associate Judge.
BARKDULL, Judge.
Sylvia Behar, petitioner/counter-defendant, appeals a final judgment of dissolution in Case No. 78-2197, which reserved jurisdiction for a future determination of property rights.
The final judgment of dissolution was entered on September 29, 1978. The wife appealed this order before any hearing on property rights could be conducted. In January of 1979, the trial court entered an interim order directing that the husband should continue in possession of the marital home, allowing the wife to take her personal property from the marital home, and ordering the husband to transfer some $300,000.00 into custodia legis. This order is the subject of separate appeals Numbers 79-394, 79-395.[1] Five days after the January order was entered, the husband died. The guardian ad litem of the child of the parties and the wife both moved for a stay of the trial court proceedings, on the grounds that until the appeal of the final judgment of dissolution was resolved no one knew if the wife was proceeding as a widow or a divorced person. The stay was granted. Southeast was substituted as the personal representative of the deceased in this court.
Sylvia Behar sued for divorce in January of 1978. The husband counterclaimed for *574 same, claiming that the eighteen-year marriage was irretrievably broken; the wife answered, admitting that the marriage was irredeemable. Later the parties stipulated that the marriage could not be salvaged.
The husband was 81 years of age at the time of the divorce. The parties had a minor child. The husband was apparently terrified of his wife and, while the divorce proceeding was pending, there were orders directed to the wife to keep her from harassing the man. At the final hearing, wife's then counsel opened the proceedings by making an oral motion to withdraw;[2] the trial court denied this motion until the hearing was over.[3] At the hearing, both the husband and the wife testified that the marriage was irretrievably broken. The court then found that the marriage was irretrievably broken; that the husband was to have the use of the marital home; that the parties were enjoined from harassing each other and from dissipating assets, and that the husband was to pay temporary alimony and child support. The court reserved jurisdiction of property matters. The final order of dissolution did not end the matter in the trial court; Mrs. Behar filed several emergency motions to obtain various types of relief.
The order sought to be reviewed by appeals numbers 79-394 and 79-395 concerned, generally, the possession of the marital abode. It awarded the exclusive possession of the home to the husband, while ordering the husband to transfer $300,000.00 in funds to a court-appointed trustee. The husband was given possession of the home since he was aged and in ill health. There was evidence adduced in the trial court that the wife had abused the husband while they were living together, and that there was much bitterness between the parties. The parties' minor child is affected by these actions and he has been represented in the trial court and on appeal by a guardian ad litem. Mrs. Behar's problems with legal representation continue and her last attorney has been permitted to withdraw in appeals numbers 79-394 and 79-395; she has filed a brief on her own behalf and made an oral presentation.
The principal contentions of the appellant are that the trial judge erred in not continuing the September hearing, when her counsel made an ore tenus motion to withdraw. Further, that the trial court erred in dissolving the marriage of the parties and continuing the disposition of the property rights until a further time. That, after the appellant appealed the order of dissolution, the trial court was without jurisdiction to render subsequent orders affecting property rights.
We affirm. First, the motion to withdraw was not granted until the conclusion of the September hearing, and counsel for the appellant participated in the hearing as much as counsel for the deceased husband. The trial court was eminently familiar with the parties, there having been numerous hearings before him.[4] Further, the trial court conducted most of the interrogation of both the parties and amply protected any property rights of the appellant. Normally, when counsel opens a hearing with a motion to withdraw, the better policy would be to grant the motion and continue the cause unless it is determined that counsel is trifling with the court. However, under the circumstances of this case and in *575 view of the advanced age of the husband, the fact that the matter had been noticed for trial as early as February of 1978 and that the constant change of counsel by the wife had frustrated the efforts to get the matter finally disposed of, we cannot say that the trial judge abused his discretion in going forward with the matter and relieving wife's counsel of his responsibility at the conclusion of the hearing. We find no procedural due process violations, as no properties of the wife were finally disposed of which could not have been corrected at the hearing scheduled for November, 1978, wherein the court was to determine property rights, special equities (if any), alimony, support, etc., and the court was perfectly justified in bifurcating these issues. Galbut v. Garfinkl, 340 So.2d 470 (Fla. 1976). We also fail to find wherein the court, by subsequent orders, was interfering with this court's jurisdiction of the appeal of the final judgment of dissolution. See: Kalmutz v. Kalmutz, 299 So.2d 30 (Fla. 4th DCA 1974); Fla.R.App.P. 9.600. The order complained of as to disposition of property rights was, in part, induced by stipulation of the parties. One who has contributed to alleged error will not be heard to complain on appeal. Hawkins v. Perry, 146 Fla. 766, 1 So.2d 620 (1941); Board of Public Instruction of Dade County v. Fred Howland, Inc., 243 So.2d 221 (Fla. 3d DCA 1970).
Therefore, for the reasons above stated, the final judgment of dissolution of September 29, 1978, which is the subject matter of appeal No. 78-2197, be and the same is hereby affirmed. The order of January 25, 1979, which is the subject matter of appeals numbers 79-394 and 79-395, be and it is hereby affirmed. The stay heretofore granted in connection with these appeals be and it is hereby vacated and set aside.
The orders under review are affirmed.
NOTES
[1] These appeals were briefed separately, but used one record, and were considered upon the same oral argument calendar as No. 78-2197. Therefore, they will be disposed of by this opinion.
[2] A great amount of activity in the trial court was the wife's hiring and firing of counsel. She had at least five attorneys at the trial level, and has had at least three different attorneys representing her during various stages of the appeal. The constant changeover of counsel apparently delayed the final hearing, which ultimately came on September 20, 1978.
[3] The final judgment reads, in part, as follows:

.....
"At the time of the final hearing, the wife's counsel, William Sadowski ore tenus moved to withdraw his counsel for the wife. He did, however, remain as counsel for the wife during the entire hearing, held on September 28, 1978. ..." (emphasis added)
[4] The record reads, in part, as follows:

.....
"THE COURT: ... I have learned to like you, you people have been in my court enough, I feel I am a member of the family...."