661 So.2d 1296 (1995)
Daniel SIERRA, a minor, by his parents Lucia Alvarez SIERRA and Hernando Sierra, and Lucia Alvarez Sierra and Hernando Sierra, individually, Appellants,
v.
PUBLIC HEALTH TRUST OF DADE COUNTY d/b/a/ Jackson Memorial Hospital, Jane E. Rudolph, M.D., Gene Burkett, M.D. and Sharon Salamat, M.D., Appellees.
No. 95-0260.
District Court of Appeal of Florida, Third District.
November 1, 1995.
*1297 Bruce H. Fleisher; Robert Alan Rosenblatt; Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, and Joel D. Eaton, for appellants.
Dade County Attorney's Office and Robert A. Ginsburg, Attorney General, and James J. Allen, Assistant County Attorney, for appellees.
Before NESBITT, GODERICH and GREEN, JJ.
PER CURIAM.
Appellants Daniel Sierra, through his parents Lucia and Hernando Sierra ("Sierras"), were the plaintiffs in a declaratory judgment action below against appellees Public Health Trust of Dade County ("Jackson"), Dr. Jane Rudolph, Dr. Gene Burkett and Dr. Sharon Salamat. The complaint alleged that Daniel suffered brain damage during his birth in April 1993 as a result of the medical malpractice of appellees. The complaint further alleged that the Sierras were not given notice that Dr. Burkett was a participant in the Florida Birth Related Neurological Injury Compensation Plan ("NICA") until after Daniel's birth.
Appellees filed a motion to dismiss asserting several grounds for dismissal. The Sierras moved for summary judgment on the notice issue and filed the affidavit of Lucia Sierra in support of their motion. Dr. Burkett filed an affidavit in opposition. The trial court held an evidentiary hearing, denied both the Sierras' motion for summary judgment and Jackson's motion to dismiss and ordered that the declaratory action be stayed until the Sierras exhausted their administrative remedies with NICA or they filed a medical malpractice action.
Jackson prepared a proposed order on the trial court's ruling and submitted it to the Sierras' trial counsel. Jackson asserts that the Sierras' trial counsel asked it to refrain from submitting the stay order until he decided whether he would ask the court to dismiss the action so the case could be appealed. Jackson states that because of this request, it did not submit the final order on the stay. Several weeks later Sierras' trial counsel telephoned counsel for Jackson to say that they wanted the case dismissed. Thereafter, Jackson submitted the initial order of dismissal.[1]
An amended final order of dismissal was later entered to name the individual doctors as defendants, to delete the language in the initial order that the trial court was "without subject matter jurisdiction" and to add a citation to Turner v. Hubrich.[2] The Sierras appeal from the amended final order of dismissal.
We find that this appeal is controlled by this district's decision in Rubin v. Gordon, 165 So.2d 824 (Fla. 3d DCA 1964). That case involved an action for libel per se. The trial court orally announced that it was inclined to dismiss substantial portions of the complaint for failure to state a cause of action but it allowed the parties to submit memoranda of law in support of their positions. Defendant submitted his memorandum but plaintiff did not. Instead, plaintiff wrote a letter to the trial court asking it to dismiss the complaint so he could appeal the dismissal. This court dismissed the appeal and stated that:
the procedure employed circumvented the normal channels of pleading, and in effect, attempted to make the appellate court the first court to consider and rule upon the sufficiency of the plaintiff's complaint. *1298 Such a procedure would, in effect, permit the plaintiff to do indirectly what he could not do directly under the Florida Rules of Civil Procedure.
Id. at 825.[3]
The rationale of this decision is that a plaintiff may not avail himself of the benefits of an order and subsequently assign such order as error. Omni-Vest, Inc. v. Reichhold Chem., Inc., 352 So.2d 53 (Fla. 1977); Cannon Sand & Rock Inc. v. Maule Indus., Inc., 203 So.2d 636 (Fla. 3d DCA 1967). Appellees herein moved to dismiss the Sierras' complaint. The trial court denied the motion and stayed the case pending either a determination by NICA on the merits or the filing of an action for medical malpractice. Thereafter, the Sierras decided to acquiesce in the motion for dismissal. However, they assign as their first point on appeal that the trial court erred in dismissing the action. A plaintiff may not ask for a particular ruling and then complain about that same ruling on appeal.
Secondly, the trial court did not rule on the merits of this case. The Sierras filed a declaratory judgment action asking the court to determine their legal rights because the defendants did not give them pre-delivery notice of Dr. Burkett's participation in NICA. The Sierras argued that because of the failure to give the required notice, they did not have the chance to make a meaningful decision about whether to continue to use Dr. Burkett or to find another doctor who was not a participant in NICA. Again because of the notification issue, the Sierras did not believe that they were barred from filing a medical malpractice action or that the defendants were immune from suit. The Sierras asked specifically for a determination that the defendants' failure to comply with the notice provisions of section 766.316 constituted a waiver of any benefits that participation in NICA normally provided.
The trial court did not make the requested determination. Instead, it sent the Sierras to NICA with directions to have a hearing officer determine whether pre-delivery notice was a prerequisite to invoking the mandatory administrative remedy. The trial court stated:
Let's make some decisions here. Sadly, the legislature has not spelled out under 316 any indications whatsoever, as you all have pointed out, as to whether notice must be presented before the child is born. There being no history on that, I cannot read into that that [sic] is a requirement. Albeit it should be, I can't tell the legislature what they have to do.
Now, I can sit here and say it is a requirement and the law clearly must provide it or I can say that it's not a requirement, merely requires notice. It is my opinion that the matter should be stayed and sent back for determination under NICA by a hearing officer subject to acceptance or appealed from there.[4]
The trial court, in essence, abdicated its judicial duty when it stayed the action in the instant case instead of ruling on the issue presented. Cf. Fecteau v. Southeast Bank, N.A., 585 So.2d 1005, 1009 (Fla. 4th DCA 1991) (court's failure to rule means only that the trial court did not decide the issue at all.)
We cannot rule for the first time on the merits of a case when the trial court has not. An appellate court is reactive; it can only review asserted errors made by lower tribunals such as courts and administrative agencies. Appellate courts may not decide issues that were not ruled on by a trial court in the first instance. McGurn v. Scott, 596 So.2d 1042 (Fla. 1992).
*1299 For these reasons, this appeal must be dismissed.[5]
DISMISSED.
NOTES
[1] Appellate counsel for the Sierras confirmed these events in the response to Jackson's motion to strike portions of the reply brief or to supplement the record.
[2] The original opinion in that case, 19 Fla. L. Weekly D2239 (Fla. 5th DCA Oct. 21, 1994), held that under section 766.316, Florida Statutes, pre-delivery notification of a doctor's participation in NICA was not a prerequisite to application of the exclusive administrative remedy.
[3] We do not believe that the outcome is changed by the fact that the actual motion for dismissal came from the defendants below rather than the plaintiffs, as in Rubin. Jackson drafted a final order that tracked the trial court's ruling that the action should be stayed. The Sierras thereafter decided that, for appellate considerations, they wanted the court to dismiss the action and Jackson merely followed this request.
[4] The trial court also gave the Sierras a second option of filing a medical malpractice action. For whatever reason, they did not want to do that.
[5] We have no doubt that the trial court will not find the notice issue as difficult on remand. Since this case was filed, two districts courts of appeal have ruled that post-delivery notification of a doctor's participation in NICA does not comport with the intent of the statute  which was to allow patients to be apprised of their rights and limitations under the statute. Braniff v. Galen of Florida, Inc., 20 Fla. L. Weekly D2140 (Fla. 1st DCA Sept. 11, 1995); Turner v. Hubrich, 656 So.2d 970 (Fla. 5th DCA 1995) (the opinion on rehearing withdrew the original panel opinion and substituted a new opinion requiring pre-delivery notice).