FULMER, Judge.
Margaret V. Richardson and Mark E. Richardson appeal from an order granting postjudgment interest to the Appellee, Rosella A. Turner. We reverse.
The Richardsons sued for specific performance to compel Turner to convey real property to them. After a trial, the Rich-ardsons were awarded a specific performance judgment in which the trial court ordered Turner to convey the property to the Richardsons in exchange for $167,000, “plus interest at the legal rate of 10% from December 1, 1999,” the date of the jury verdict. When the Richardsons attempted to close the sale, however, Turner refused to attend the closing and, instead, moved for and was granted a stay of the judgment pending her appeal to this court. After the final judgment was affirmed, the Richardsons filed a motion to set a closing date and determine final payment for completion of the sale.
At the hearing on the Richardsons’ motion, Turner’s counsel presented a final payment calculation that included interest from December 1, 1999, to February 28, 2001, the date set by the trial court for the closing. In response, the Richardsons’ counsel directed the trial court’s attention to the fact that the Richardsons were prepared to close the transaction prior to the appeal, but Turner refused to attend the closing. A transcript of the events that transpired on the original closing date, February 25, 2000, had been filed with the trial court. It is undisputed that the Rich-ardsons were present and ready to close the sale. But for Turner’s refusal to attend the closing, the property transfer would have been completed on February 25, 2000. The Richardsons’ counsel argued that under these circumstances, the stay of the judgment pending the appeal also should have stayed the interest provision in the judgment. We agree. On the record before us, we conclude that the Richardsons effectively tendered fulfillment of their obligation to deliver payment in exchange for a deed as required by the final judgment. Therefore, the accrual of interest stopped on February 25, 2000.
*1041 Reversed and remanded for further proceedings.
WHATLEY and STRINGER, JJ., Concur.