ALTENBERND, Chief Judge.
Sylvia Martinez appeals an order dismissing her age discrimination lawsuit under the Florida Civil Rights Act of 1992 (FCRA)[1] against Abraham Chevrolet-Tampa, Inc., and Autonation, Inc. (collectively, Abraham Chevrolet). The trial court dismissed the complaint based upon a finding that Ms. Martinez’s presuit administrative complaint to the Equal Employment Opportunity Commission (EEOC), submitted on a form provided by the EEOC, was not properly verified. We conclude that the verification requirement for administrative complaints under the FCRA is not jurisdictional and that Abraham Chevrolet waived any objection to any defects in the verification when it did not raise them during the administrative process. Further, we conclude that Ms. Martinez complied with the requirement of Florida law that her complaint be verified when she submitted this federal form. Accordingly, we reverse the order of dismissal and remand for further proceedings.
Ms. Martinez worked for Abraham Chevrolet as a switchboard operator from April 1996 to April 2001. She believes that she was discriminated against during her employment and ultimately constructively discharged because of her age. She decided to file a claim under the FCRA, Before a person may file a lawsuit or request an administrative hearing under the FCRA, the law requires that the person file an administrative complaint. See § 760.11, Fla. Stat. (2001). The Florida Commission on Human Relations (FCHR) and the EEOC have a work-sharing agreement regarding the administration of such discrimination claims. See generally Woodham v. Blue Cross & Blue Shield of Fla., 829 So.2d 891 (Fla.2002); Wells Fargo Guard Servs. Inc. of Fla. v. Lehman, 799 So.2d 252 (Fla. 3d DCA 2001). Thus, section 760.11(1) provides in part: “In lieu of filing the complaint with the commission, a complaint under this section may be filed with the federal Equal Employment Opportunity Commission or with any unit of government of the state which is a fair-employment-practice agency.” Section 760.11(1) further states: “Both the complaint and the answer shall be verified.”
On April 6, 2001, Ms. Martinez filed a complaint with the EEOC alleging age discrimination pursuant to section 760.11(1). Her complaint was filed on a form identified as EEOC Form 5 (Rev.07/99). At the top of the form, she indicated that her complaint was to be filed with both the FCHR and the EEOC. At the bottom of this form, there were two alternative boxes where the complainant was expected to sign the claim. The box on the left stated: “I declare under penalty of perjury that the forgoing is true and correct.” Ms. Martinez dated and signed her claim in this box. The alternative box on the right, which she did not fill in, permitted the form to be notarized and indicated that it should be used “when necessary for State and Local Requirements.”
After Ms. Martinez filed her administrative complaint, Abraham Chevrolet submitted its answer. A copy of the answer is not in our record, and we do not know whether it was properly verified pursuant to section 760.11(1). It is undisputed, however, that the answer did not argue that the administrative claim was defective due to the form verification provided by the EEOC. Ultimately, the EEOC dismissed the administrative complaint without making a determination on the issue of reasonable cause.
*581 Ms. Martinez filed her lawsuit within the time permitted under the statute. See § 760.11(5). Abraham Chevrolet filed a motion to dismiss the lawsuit or, in the alternative, for summary judgment, arguing that the language in the EEOC form was not a sufficient verification and that this deficiency required the dismissal of Ms. Martinez’s lawsuit with prejudice. The trial court accepted this argument and dismissed the lawsuit with prejudice.
Abraham Chevrolet argues that a defect in the verification on the administrative complaint deprives the circuit court of jurisdiction in the subsequent lawsuit, and therefore its failure to raise the deficiency during the administrative process, at a time when it could have been corrected, does not act as a waiver of any objection to the administrative complaint. We conclude that the administrative process is more accurately described as a condition precedent to the age discrimination lawsuit. See, e.g., Hosp. Corp. of Am. v. Lindberg, 571 So.2d 446, 448 (Fla.1990) (explaining that a condition precedent to suit is necessary to maintain a cause of action, but the failure to comply with the condition does not divest the trial court of subject matter jurisdiction; citing Solimando v. Int’l Med. Ctrs., 544 So.2d 1031 (Fla. 2d DCA 1989)). A technical defect in the administrative process, such as a deficient verification of the administrative complaint, is not a jurisdictional bar to the lawsuit if the FCHR or EEOC acts upon the complaint without objection. See Green v. Burger King Corp., 728 So.2d 369 (Fla. 3d DCA 1999); see also Patry v. Capps, 633 So.2d 9 (Fla.1994).
A person has 365 days in which to file a discrimination claim under section 760.11(1). Ms. Martinez filed her complaint with the EEOC within a month of her alleged constructive termination. Pursuant to section 760.11(1), Abraham Chevrolet was permitted to file its answer within twenty-five days of the day the complaint was filed with the EEOC. Thus, if Abraham Chevrolet had objected to the form of the complaint at the inception of the administrative process, Ms. Martinez could have timely submitted an amended claim. Abraham Chevrolet’s failure to object until this process was concluded acted as a waiver of any objection they had to the sufficiency of the verification. Cf. Ingersoll v. Hoffman, 589 So.2d 223 (Fla.1991) (holding that failure to comply with the prelitigation notice requirements of section 768.57, Florida Statutes (1987), may be excused by a showing of estoppel or waiver); see also Edelman v. Lynchburg Coll., 300 F.3d 400 (4th Cir.2002); Russell v. Am. Tobacco Co., 528 F.2d 357, 364 (4th Cir.1975) (citing Choate v. Caterpillar Tractor Co., 402 F.2d 357, 359 (7th Cir.1968), and Ga. Power Co. v. Equal Employment Opportunity Comm’n, 412 F.2d 462, 466 (5th Cir.1969)).
Additionally, we are not convinced that the verification drafted by the EEOC was ineffective. Section 92.525, Florida Statutes (2001), which explains the requirements for verification of documents in Florida, states in pertinent part:
(1) When it is authorized or required by law, by rule of an administrative agency, or by rule or order of court that a document be verified by a person, the verification may be accomplished in the following manner:
(a) Under oath or affirmation taken or administered before an officer authorized under s. 92.50 to administer oaths; or
(b) By the signing of the written declaration prescribed in subsection
(2).
(2) A written declaration means the following statement: “Under penalties of perjury, 1 declare that 1 have read the *582 foregoing [document] and that the facts stated in it are true, ” followed by the signature of the person making the declaration, except when a verification on information or belief is permitted by law, in which case the words “to the best of my knowledge and belief’ may be added. The written declaration shall be printed or typed at the end of or immediately below the document being verified and above the signature of the person making the declaration.
(3) A person who knowingly makes a false declaration under subsection (2) is guilty of the crime of perjury by false written declaration, a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(4) As used in this section:
(c) The requirement that a document be verified means that the document must be signed or executed by a person and that the person must state under oath or affirm that the facts or matters stated or recited in the document are true, or words of that import or effect.
(Emphasis added.)
The EEOC’s verification did not state that Ms. Martinez had “read the foregoing,” but she “declared under penalty of perjury that the foregoing is true and correct.” Thus, unless a representation that the signor has read the document is indispensable, Ms. Martinez has verified this document. She has unquestionably taken the position that the EEOC verification is binding on her for purposes of the crime of perjury. See State v. Rutherford, 863 So.2d 445, 447 (Fla. 4th DCA 2004).
Section 92.525(1) states that verification “may” be accomplished in the statutory manner. It does not say that verification must be accomplished in this fashion. If it did so state, then illiterate people who could not accurately state that they had “read the foregoing” might be unable to verify documents. Rather, section 92.525(4)(c) explains that “[t]he requirement that a document be verified means that the document must be signed or executed by a person and that the person must state under oath or affirm that the facts or matters stated or recited in the document are true, or words of that import or effect.” (Emphasis added.) The words that Ms. Martinez signed under penalty of perjury are “words of that import or effect.” See Fla. Bar v. Vernell, 721 So.2d 705, 707 (Fla.1998) (holding signature on Bar complaint form below statement, “Under penalty of perjury, I declare the foregoing facts are true and correct and complete,” was sufficient to meet verification requirements and subject signer to perjury under section 92.525).
Although not dispositive in this case, we note that the affidavit of indigent status that the supreme court recently created contains the following verification: “Under penalty of perjury, I declare that the facts stated in the foregoing affidavit are true.” In re Approval of Form for Use by Clerks of the Circuit Courts Pursuant to Rule 10-2.1(a) of the Rules Regulating the Florida Bar, 877 So.2d 720, 722 (Fla.2004). This is a form that is likely to be signed by many illiterate people. It is implicit that a person must have read a document, or have had its contents read to them, in order to swear to the truth of its contents. If Florida’s state courts create and use standard forms with verifications that do not expressly represent that the affiant has read the contents of the form, then it would seem that the EEOC’s form includes a sufficient verification. Certainly, the verification in the EEOC’s form does not deprive the circuit court of the power to resolve the lawsuit filed by Ms. Martinez against Abraham Chevrolet.
*583 We reverse the order dismissing Ms. Martinez’s complaint and remand for further proceedings consistent with this opinion.
STRINGER and KELLY, JJ., Concur.

. See § 760.01, et seq., Fla. Stat. (2001).