ALTENBERND, Chief Judge.
Alfredo Pagan appeals an order dismissing his age discrimination lawsuit under the Florida Civil Rights Act of 1992 (FCRA)[1] against Abraham Chevrolet-Tampa, Inc., and Autonation, Inc. (collectively, Abraham Chevrolet). The trial court dismissed the complaint based upon a finding that Mr. Pagan’s presuit administrative complaint to the Equal Employment Opportunity Commission (EEOC), submitted on a form provided by the EEOC, was not properly verified. The facts in this case are virtually identical to those presented in Martinez v. Abraham Chevrolet-Tampa, Inc., No. 2D03-3133, 891 So.2d 579, 2004 WL 3025053 (Fla. 2d DCA Dec. 10, 2004). As we did in Martinez, we hold that the verification requirement for administrative complaints under the FCRA is not jurisdictional and that Abraham Chevrolet waived any objection to any defects in the verification when it did not raise them during the administrative process. Further, we conclude that Mr. Pagan’s complaint was adequately verified. Accordingly, we reverse the order of dismissal and remand for further proceedings.
Abraham Chevrolet argues that this court lacks jurisdiction to decide this appeal based upon the supreme court’s ruling in Polk County v. Sofka, 702 So.2d 1243 (Fla.1997). See also Sierra v. Pub. Health Trust of Dade County, 661 So.2d 1296 (Fla. 3d DCA 1995); Rubin v. Gordon, 165 So.2d 824 (Fla. 3d DCA 1964). We find these cases distinguishable and disagree. Here, the trial court conclusively ruled on the issue presented to it, resulting in a final order terminating the lawsuit. This was not a situation in which one or both parties sought to circumvent the trial court’s process to seek an otherwise unavailable interlocutory appeal. Thus, this court has jurisdiction to review this final order. See Fla. RApp. P. 9.030(b)(1)(A).
For the reasons stated in Martinez, we reverse the order dismissing Mr. Pagan’s complaint and remand for further proceedings consistent with this opinion.
WHATLEY, J„ and DANAHY, PAUL W., SENIOR JUDGE, Concur.

. See § 760.01, etseq., Fla. Stat. (2001).