# Third District Court of Appeal

## State of Florida

Opinion filed November 23, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D15-2922, 3D14-3040
Lower Tribunal No. 12-10563
_____

## Frank A. Futernick and Karen Beber,
Appellants,

vs.

## Natalia M. Trushina,
Appellee.

Appeals from the Circuit Court for Miami-Dade County, David C. Miller and Norma S. Lindsey, Judges.

Crabtree & Auslander, John G. Crabtree, Charles M. Auslander, George R. Baise, Jr. and Brian Tackenberg; Kutner, Rubinoff & Moss and Andrew M. Moss; Brian M. Torres, for appellants.

Carlton Fields Jorden Burt, Thomas E. Warner, Dean A. Morande and Michael D. Sloan (West Palm Beach); The Alderman Law Firm and Jason R. Alderman, for appellee.

Before SALTER, EMAS and FERNANDEZ, JJ.

EMAS, J.

In this consolidated appeal, appellants Frank Futernick and Karen Beber appeal the trial court's orders, which awarded delay of performance damages to appellee, Natalia Trushina, and awarded post-judgment interest to appellants at the rate of only 1.49%, instead of at the statutory rate. We affirm.

This cause began when Trushina, the buyer, filed suit against Futernick and Beber, the sellers, seeking specific performance on their obligations under a contract for the sale and purchase of the sellers' marital home. Futernick and Beber defended against the claim for specific performance, asserting that Futernick had properly exercised his right of first refusal pursuant to Futernick and Beber's marital settlement agreement.

The trial court determined that Futernick and Beber breached the contract by failing to convey title to Trushina, and entered a partial final judgment, granting specific performance in favor of Trushina, and ordering Futernick and Beber to convey title to Trushina in accordance with the contract. Thereafter, the trial court conducted a trial on damages, and determined that the fair rental value of the property during the relevant time period was $12,000 per month. However, the court determined that Trushina was not entitled to damages for lost rents and profits, because the lost rental value of the property was offset (and exceeded) by

2

Futernick's and Beber's payments of property taxes, insurance, and statutory interest on the sales proceeds.

The court entered final judgment, which Futernick and Beber appealed. Futernick and Beber also sought a stay of execution pending appeal. The trial court granted the stay, conditioned upon the posting of a supersedeas bond of $250,000 to cover delay of performance damages. On appeal from the final judgment, we affirmed. See Futernick v. Trushina, 146 So. 3d 63 (Fla. 3d DCA 2014).

On remand, further proceedings were held in which the trial court determined the amount of delay of performance damages. At that evidentiary hearing, the trial court took testimony and determined that the fair market rental value of the property during the relevant time period (i.e., from the stay of execution and during the pendency of the appeal) had increased from $12,000 to $14,000 per month, and awarded Trushina delay damages in the amount of $224,000, based upon the 16-month delay resulting from the stay of the judgment. We find no error in the trial court's determination of the fair market rental value of the property, and reject the contention by Futernick and Beber that this determination was not supported by competent substantial evidence.[1]

---

[1] The central argument advanced by Futernick and Beber in this regard is that, during the original trial, Trushina never properly established—and the trial court never actually determined—that the base fair market rental value of the property was $12,000 per month. Therefore, Futernick and Beber contend, there was no

We also hold that the trial court did not err in its determination that Futernick and Beber were not entitled to post-judgment interest at the then-statutory rate of 4.75%.[2]  We agree with the analysis of the Second District in Richardson v. Turner, 810 So. 2d 1039 (Fla. 2d DCA 2002) and conclude that Richardson is fully applicable to the circumstances presented by this case.

Affirmed.

---

competent substantial evidence to support the trial court's subsequent "determination" that the base fair market rental value had "increased" over the relevant post-judgment period from $12,000 to $14,000 per month.  We find no merit in this contention, as the trial court did indeed make such a determination as expressly set forth in the final judgment—a determination which Futernick and Beber did not contest in their first appeal.

[2] On appeal, Trushina contends that Futernick and Beber are not legally entitled to *any* post-judgment interest.  While such a contention may indeed be valid and supported by the Richardson analysis, Trushina took the position in the trial court that Futernick and Beber were entitled to post-judgment interest at the rate of 1.49%.  The trial court agreed with Trushina, and therefore Trushina could not properly cross-appeal that portion of the trial court's order.  Pope v. State, 441 So. 2d 1073, 1076 (Fla. 1983) (holding "[a[ party may not invite error and then be heard to complain of that error on appeal") (citing Behar v. Southeast Banks Trust Co., N.A., 374 So. 2d 572 (Fla. 3d DCA 1979)).

4