DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHAINA THANE,**
Appellant,

v.

**ROSE ACCEPTANCE, INC.,** et al.,
Appellees.

No. 4D20-989

[April 28, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case No. 502019CA003622AXXXMB.

Shaina Thane, Brooklyn, NY, pro se.

Jason M. Tarokh of Tarokh Law, PLLC, Tampa, for appellee Rose Acceptance, Inc.

Laura Bourne Burkhalter of Laura Bourne Burkhalter, PA, Fort Lauderdale, for appellee Michelle Thane, as personal representative of the Estate of Raymond O. Thane.

GERBER, J.

In this residential mortgage foreclosure case, the pro se defendant—who is the deceased borrower's daughter—appeals from the circuit court's order (1) granting the third party purchaser's motion for issuance of certificate of title and motion for writ of possession, and (2) denying the defendant's motion to vacate the sale and motion to quash service and vacate default.

We affirm the order, noting the defendant waived her insufficient service argument by requesting the circuit court to reschedule the foreclosure sale. *Cf. Cepero v. Bank of N.Y. Mellon Tr. Co., N.A.*, 189 So. 3d 204, 206 (Fla. 4th DCA 2016) ("Because the assertion of jurisdiction is a personal right of a defendant, a defendant waives a challenge to personal jurisdiction by seeking affirmative relief – such requests are logically inconsistent with an initial defense of lack of jurisdiction.") (citation and

quotation marks omitted).  The defendant's substantive arguments challenging the sale and the third party purchaser's right to title and possession both lack merit, without any further discussion necessary.

Also included within the defendant's initial brief is an argument that the circuit court erred in permitting the deceased borrower's estate to intervene in the foreclosure proceedings.  We must dismiss this portion of the appeal, because the order on appeal does not contain a ruling on the estate's motion to intervene, nor does the record on appeal contain such a ruling.  *See Sierra v. Pub. Health Tr. of Dade Cnty.*, 661 So. 2d 1296, 1298 (Fla. 3d DCA 1995) ("An appellate court is reactive; it can only review asserted errors made by lower tribunals such as courts and administrative agencies.  Appellate courts may not decide issues that were not ruled on by a trial court in the first instance."); *Shaffer v. Deutsche Bank Nat'l Tr. Co.*, 310 So. 3d 1145, 1145 (Fla. 2d DCA 2021) ("Thus the issue is not ripe for [this court's] review, and [this court] must dismiss that portion of the appeal.") (citing *Sierra*, 661 So. 2d at 1298).

*Affirmed in part, dismissed in part.*

CIKLIN and FORST, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***