IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOSEPH FETCHICK, III,

      Appellant,

  v.

                          Case No. 5D21-1722
                          LT Case No. 13-DR-2295

MICHELLE MONIQUE FETCHICK,

      Appellee.

_____/

Opinion filed August 26, 2022

Appeal from the Circuit Court
for Seminole County,
Susan Stacy, Judge.

Quoc Van, Sanford, for Appellant.

Charles A. Dehlinger, Altamonte Springs,
for Appellee.

COHEN, J.

     Joseph Fetchick, III ("Father") appeals two orders concerning his request for attorney's fees. The first order determined that Father was entitled to attorney's fees against Michelle Monique Fetchick ("Mother") but did not establish the amount owed. The second order dismissed Father's

motion to determine the amount of attorney's fees based upon lack of jurisdiction. We find the trial court erred in both respects and reverse.[1]

The parties' marriage was dissolved in 2015. The final judgment of dissolution included a time-sharing plan regarding their children. In 2018, Mother filed a petition to modify the final judgment. Several months later, Father filed a motion for contempt against Mother, alleging that she had violated the time-sharing plan. Father's motion for contempt sought attorney's fees he had incurred in seeking such relief.

During the pendency of the modification proceeding, the trial court held an evidentiary hearing on Father's motion for contempt, wherein he testified to the amount of fees he incurred to enforce the time-sharing plan. Father's counsel attempted to call himself as a witness to testify to his hours expended and hourly rate, but the trial court sustained Mother's objection to such testimony. Ultimately, the trial court found Mother in willful contempt and ruled that Father was entitled to attorney's fees but the court did not

---

[1] Although the first order establishing Father's entitlement to attorney's fees is a non-final, non-appealable order under Florida Rule of Appellate Procedure 9.130(a)(3), Father's appeal from the second order dismissing his fee motion allows us to review the first order. See Saul v. Basse, 399 So. 2d 130, 133 (Fla. 2d DCA 1981) ("[A]n appeal from a final order calls up for review all necessary interlocutory steps leading to that final order, whether they were separately appealable or not." (citing Auto-Owners Ins. Co. v. Hillsborough Cnty. Aviation Auth., 153 So. 2d 722, 724 (Fla. 1963))).

establish the amount, believing that Father needed corroborating expert testimony to do so. The trial court invited Father to file another motion for attorney's fees, which he did.

Before that motion was heard, the parties went to trial on the pending petition to modify the final judgment. Thereafter, the trial court entered a modified final judgment. That judgment did not address the attorney's fees Mother owed Father for the contempt proceeding.

Several months later, Father filed a memorandum of law in support of his motion to determine the amount of attorney's fees he had incurred in the contempt action, requesting that the trial court establish the amount owed. In doing so, Father highlighted section 61.16(1), Florida Statutes (2021), which provides in relevant part that an "application for attorney's fees, suit money, or costs, whether temporary or otherwise, shall not require corroborating expert testimony in order to support an award under this chapter."

In response, Mother moved to dismiss Father's motion to determine amount of fees based upon lack of jurisdiction, arguing that the trial court had lost jurisdiction to rule on the fee motion because it did not reserve jurisdiction to award fees in either the initial contempt order or the modified

final judgment. The trial court agreed with Mother and entered the second order on appeal, dismissing Father's fee motion. This appeal followed.

Our standard of review is de novo. See Perez v. Maldonato, 324 So. 3d 1011, 1013 (Fla. 3d DCA 2021) ("A trial court's interpretation and application of Florida law is reviewed de novo." (citation omitted)). We first address the jurisdiction issue. As a starting point, we observe that the contempt proceeding was separate and distinct from the modification proceeding, although the two have been conflated here. The latter did not concern Mother's violation of the original time-sharing plan and Father's associated entitlement to attorney's fees. Rather, the modification proceeding concerned the separate issue of whether the original final judgment should be modified. It is therefore irrelevant whether the modified final judgment contained a reservation of jurisdiction to rule on Father's request for attorney's fees stemming from the earlier contempt proceeding. Consequently, the question is whether the trial court lost jurisdiction to enter a fee award in the contempt proceeding where, as Mother argues, the court failed to reserve jurisdiction to do so in its contempt order. We find it did not.

"When a trial court renders a final judgment in an action, its jurisdiction over that action is terminated, except that it retains continuing jurisdiction to enforce its judgment." Kozel v. Kozel, 302 So. 3d 939, 945 (Fla. 2d DCA

2019). There is no dispute that following entry of the 2015 final judgment, the trial court retained continuing jurisdiction to enforce that judgment, including by finding Mother in contempt and establishing the associated fees owed. At the contempt proceeding, the trial court ruled that Father was entitled to fees and invited him to file another motion to determine the amount. Thus, specific to the award of attorney's fees, the contempt order was a non-final order, merely prefatory to another order establishing the fees Mother owed. See Winkelman v. Toll, 632 So. 2d 130, 132 (Fla. 4th DCA 1994). As such, the trial court did not need to reserve jurisdiction to set the amount of the award.

The trial court also erred in the first instance by refusing to establish Father's fee award without corroborating expert testimony. Section 61.16 expressly states that such evidence is not required. § 61.16(1), Fla. Stat. Had the trial court followed the statute, a significant amount of time and resources would have been saved. Moreover, we agree with Father that it was error to exclude his counsel's testimony as to the reasonableness of counsel's hours expended and hourly rate. Accordingly, we reverse the trial court's order dismissing Father's motion to determine amount of attorney's fees based upon lack of jurisdiction.

REVERSED and REMANDED for further proceedings consistent with this opinion.

5

EDWARDS, J., concurs.
NARDELLA, J., concurs in part; dissents in part, with opinion.

NARDELLA, J., concurs in part; dissents in part.

The majority is right to reverse the trial court's second order; the trial court erred in ruling that it lacked jurisdiction to enforce its own final judgment. I dissent in part only to state that I would not go further. In doing so, our Court addresses an argument the trial court has yet to consider. *See generally Sierra by Sierra v. Pub. Health Tr. of Dade Cnty.*, 661 So. 2d 1296, 1298 (Fla. 3rd DCA 1995). Rather, I would remand for the trial court to rule on Father's second fee motion, wherein he raised for the first time the requirements of section 61.16(1).