656 So.2d 491 (1995)
CENTRAL FLORIDA REGIONAL HOSPITAL, INC., etc., Petitioner,
v.
Paul WAGER, et al., Respondents.
David C. MOWERE, et al., Petitioners,
v.
Paul WAGER, et al., Respondents.
Nos. 94-2138, 94-2139.
District Court of Appeal of Florida, Fifth District.
March 10, 1995.
Order Certifying Question July 14, 1995.
*492 Pamela R. Kittrell and James S. Haliczer of Cooney, Haliczer, Mattson, Lance, Blackburn, Pettis & Richards, P.A., Fort Lauderdale, for petitioner Cent. Florida Regional Hosp., Inc.
Hector A. More and George F. Indest, III, of Taraska, Grower & Ketcham, P.A., Orlando, for petitioners David C. Mowere, et al.
Nolan Carter of Law Offices of Nolan Carter, P.A., Orlando, for respondents Paul Wager, et al.
PETERSON, Judge.
The question presented by these consolidated petitions for writ of certiorari is: what is the proper forum in which to determine whether birth-related injuries were neurological in nature and therefore subject to the exclusive administrative procedures provided by the Florida Birth-Related Neurological Injury Compensation Association (NICA), sections 766.301-.316, Florida Statutes (1993).
The plaintiffs/respondents below initiated an action against a treating physician and a hospital alleging pre-birth medical malpractice and responsibility for the death of their child. No mention of a neurological injury was included in their complaint. They argued in the trial court that the death of their child was caused by oxygen deprivation prior to birth that in turn caused other fatal injuries. The petitioners/defendants moved to dismiss, strike or abate the action on the ground that the injuries were neurological and therefore NICA provided the exclusive remedy to the plaintiffs. They supported their motion to strike and abate with supporting affidavits containing some indication that the birth-related injuries were neurological.
The circuit court agreed with the plaintiffs' argument that the defendants may not force the plaintiffs to proceed under NICA when their complaint did not allege a neurological injury or damage and that the plaintiffs should have a choice of the forum in which to resolve the issue raised by the defendants as to the nature of the injuries.
NICA provides compensation, on a no-fault basis, for a limited class of catastrophic injuries which result in unusually high costs for custodial care and rehabilitation. § 766.301(2), Fla. Stat. (1993). NICA further provides for administrative procedures to determine whether an injury is a birth-related neurological injury, and, if so, the amount of damages. The statute forecloses any civil action against a NICA participant *493 when the injury is of the type defined in section 766.302(2), Florida Statutes (1993). University of Miami v. Klein, 603 So.2d 651 (Fla. 3d DCA 1992).
Unfortunately the act is not without defects. The facts of this case reveal one of them. Claims under the act are commenced by a "claimant" who files a petition seeking compensation. The Division of Administrative Hearings of the Department of Management Services is charged with providing the administrative hearings for the participating health care providers and the claimant. § 766.305, Fla. Stat. (1993). Claimants are defined by section 766.302(3):
(3) "Claimant" means any person who files a claim pursuant to s. 766.305 for compensation for a birth-related neurological injury to an infant. Such a claim may be filed by any legal representative on behalf of an injured infant; and, in the case of a deceased infant, the claim may be filed by an administrator, personal representative, or other legal representative thereof.
In the instant case, the persons defined as claimants under the statute have taken the position that their infant's injuries do not qualify or they have elected not to make a claim under the act. The defendants disagree that the injuries do not qualify, but are unable to initiate administrative proceedings because they do not fit the statutory definition of claimant and no provision is made elsewhere for them to initiate proceedings under the act.
Since the nature of the injuries causing the death of the plaintiffs' infant is disputed and apparently cannot be resolved without factual findings, and, since no claim has been filed with the Division, the circuit court cannot abate or dismiss the action brought by the plaintiffs without determining whether the injuries are neurological in nature. But, how must the circuit court proceed to determine this issue? The circuit court has denied the defendants' request for a pre-trial evidentiary hearing to determine the nature of the injuries. That denial leaves the issue to be resolved by the jury requested by the plaintiffs.
We agree with the circuit court that since the plaintiffs have requested that a jury resolve all questions of fact, it would be improper for this factual issue to be resolved by the trial court in an evidentiary hearing.[1] If the jury determines that the injuries were neurologically related, the jury should be instructed to proceed no further with their deliberations. The trial court must then dismiss the action. Unfortunately the defendants would have been subjected to the fees, expenses and time involved in the litigation to arrive at the point urged by them early in the proceedings. However, if the jury finds no NICA-defined injuries, all parties have then been spared the fees, expenses and time that would have been incurred in a NICA proceeding.
The trial court's denial of petitioners' motions is affirmed because we have found no authority for the proposition that the trial court lost or was required to relinquish jurisdiction to an administrative agency to resolve the dispute over the nature of the injuries.
PETITION DENIED; REMANDED.
GOSHORN and THOMPSON, JJ., concur.

ORDER ON MOTION FOR CERTIFICATION
BY ORDER OF COURT:
ORDERED that the motion to certify question as one of great public importance filed by David C. Mowere, et al., pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v) is hereby granted and we certify the identical question presented in Humana of Florida, Inc. v. McKaughan, 652 So.2d 852 (Fla.2d DCA 1995):
DOES AN ADMINISTRATIVE HEARING OFFICER HAVE THE EXCLUSIVE JURISDICTION TO DETERMINE WHETHER AN INJURY SUFFERED BY A NEW-BORN INFANT DOES OR DOES NOT CONSTITUTE A "BIRTH-RELATED NEUROLOGICAL *494 INJURY" WITHIN THE MEANING OF THE FLORIDA BIRTH-RELATED NEUROLOGICAL INJURY COMPENSATION PLAN, SECTIONS 766.301-316, FLORIDA STATUTES (1993), SO THAT A CIRCUIT COURT IN A MEDICAL MALPRACTICE ACTION SPECIFICALLY ALLEGING AN INJURY OUTSIDE THE COVERAGE OF THE PLAN MUST AUTOMATICALLY ABATE THAT ACTION WHEN THE PLAN'S IMMUNITY IS RAISED AS AN AFFIRMATIVE DEFENSE PENDING A DETERMINATION BY THE HEARING OFFICER AS TO THE EXACT NATURE OF THE INFANT'S INJURY?
PETERSON, C.J., and GOSHORN and THOMPSON, JJ., concur.
NOTES
[1] If the nature of an injury is disputed, the issue might be disposed of appropriately by summary judgment.