669 So.2d 1051 (1995)
Lori Ann BRANIFF, and Christopher J. Braniff, Appellants,
v.
GALEN OF FLORIDA, INC., and Robert Bazley, M.D., Appellees.
No. 94-2460.
District Court of Appeal of Florida, First District.
September 11, 1995.
*1052 F. Shields McManus of Gary, Williams, Parenti, Finney & Lewis, Stuart; Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellants.
Robert E. Broach and Alan K. Ragan of Marks, Gray, Conroy & Gibbs, P.A., Jacksonville, for appellee/Galen.
Jack W. Shaw, Jr. of Osborne, McNatt, Shaw, O'Hara, Brown & Obringer, P.A., Jacksonville, for appellee/Dr. Bazley.
PER CURIAM.
The Braniffs appeal the dismissal of their medical malpractice action where they alleged that the appellees' (defendants') negligent delivery of their daughter caused the infant to suffer severe neurological impairment and irreversible brain damage. The trial court concluded that the Braniffs' action was precluded by Florida's Birth-Related Neurological Injury Compensation Act (NICA), sections 766.301-766.316, Florida Statutes (1993), which limited the Braniffs to an administrative remedy. We reverse.
In their amended complaint and throughout the subsequent proceedings the Braniffs maintained that they could bring a civil action, despite the exclusivity of NICA's administrative remedy,[1] because the defendants failed to comply with NICA's notification provision. Specifically, section 766.316, Florida Statutes (1993), requires that participating hospitals and physicians "shall provide notice to ... obstetrical patients ... as to the limited no-fault alternative for birth-related neurological injuries." Alleging that Mrs. Braniff was not notified of the defendants' NICA participation prior to delivery, and arguing that pre-delivery notice had to be given for NICA to constitute an exclusive remedy, the Braniffs contested the defendants' assertion of NICA exclusivity.
The defendants responded with motions to dismiss the civil action. In addition to claiming that pre-delivery notice had been given, the defendants pointed out that NICA did not require pre-delivery notice nor did it condition exclusivity upon the giving of such notice.
The trial court dismissed the Braniffs' civil action. According to the trial court, section 766.316 did not specifically require that notification precede delivery, and nowhere in the relevant statutes was pre-delivery notice made a condition precedent to the exclusivity of the NICA administrative remedy.
We are not persuaded by the trial court's reasoning which seems to overlook the purpose to be served by mandatory notification. The defendants have suggested that the required notice is only intended to inform obstetrical patients of the procedural steps to be taken to assert NICA rights immediately following the delivery of a neurologically injured infant; thus, according to the defendants, the notice may be given post-delivery. We reject this suggestion because the language in section 766.316 indicates that mandatory notification has a much broader purpose. Thus, the notice concerns "the limited no-fault alternative for birth-related neurological injuries," and its content consists of "a clear and concise explanation of a patient's rights and limitations under [NICA]." (Emphasis added). This language indicates that *1053 notification is intended to permit an informed choice between "alternatives" before delivery rather than simply as a means of informing potential claimants of NICA's procedural requirements after delivery. It would make little sense to inform an obstetrical patient of her "alternative" after the patient had already utilized the services of a NICA participant and had thus given up her chance to pursue a civil remedy. It would make still less sense to require pre-delivery notice as a means of informing patients of their options, yet not make such notice a condition precedent to the defendants' assertion of NICA exclusivity. In short, we reject the notion that a NICA health care provider can ignore the notice requirement and then assert NICA exclusivity to defeat a civil action.[2]
We note that our interpretation of the notice requirement is consistent with that adopted by the Fifth District in Turner v. Hubrich, 656 So.2d 970 (Fla. 5th DCA 1995). Because we find it a matter of great public importance, we certify the following question:
WHETHER SECTION 766.316, FLORIDA STATUTES (1993), REQUIRES THAT HEALTH CARE PROVIDERS GIVE THEIR OBSTETRICAL PATIENTS PRE-DELIVERY NOTICE OF THEIR PARTICIPATION IN THE FLORIDA BIRTH RELATED NEUROLOGICAL INJURY COMPENSATION PLAN AS A CONDITION PRECEDENT TO THE PROVIDERS' INVOKING NICA AS THE PATIENTS' EXCLUSIVE REMEDY?
In the instant case, a factual dispute remains as to whether the defendants gave the required pre-delivery notice. The record contains conflicting affidavits on this threshold question. Because the Braniffs requested that a jury resolve all factual disputes, it would seem that this issue must be submitted to a jury on remand. See Central Florida Regional Hospital, Inc. v. Wager, 656 So.2d 491 (Fla. 5th DCA 1995).
Accordingly, the trial court's final order dismissing the Braniffs' medical malpractice action is REVERSED, and the case is REMANDED for proceedings consistent with this opinion.
ERVIN and MINER, JJ., concur.
BENTON, J., concurs in result.
NOTES
[1] Section 766.303(2), Florida Statutes (1993), provides that the administrative remedy established in NICA "shall exclude all other rights and remedies of such infant, his personal representative, parents, dependents, and next of kin, at common law or otherwise, against any person or entity directly involved with such labor, delivery, or immediate postdelivery resuscitation during which such injury occurs...."
[2] The defendants argue that pre-delivery notice must not be a condition precedent because the presence or absence of proper notice is not one of the ten items of information claimants must file when they bring a NICA claim. See § 766.305(1)(a)-(j), Fla.Stat. (1993). This misses the point. The presence or absence of notice will neither advance nor defeat the claim of an eligible NICA claimant who has decided to invoke the NICA remedy by making this filing; thus, there is no reason to inquire whether proper notice was given to an individual who has decided to proceed under NICA. Notice is only relevant to the defendants' assertion of NICA exclusivity where the individual attempts to invoke a civil remedy.