ANTOON, Judge.
We have for review the trial court’s order dismissing with prejudice a medical malpractice action involving a birth-related neurological injury, yet retaining jurisdiction over the ease. We reverse.
Justin W. Haddox, a minor, suffered a birth-related neurological injury as defined in section 766.302(2), Florida Statutes (1993), a provision of Florida’s Birth-Related Neurological Injury Compensation Plan (NICP). Through his parents, Justin sued Robert Eliot Barden, M.D. and Robert Eliot Bar-den, M.D., P.A. (Dr. Barden), alleging that Dr. Barden’s malpractice caused his injury. Dr. Barden, a participant in Florida’s Birth-Related Neurological Injury Compensation Association (NICA), moved to dismiss the complaint, arguing that the denial of NICP benefits was a condition precedent to the filing of a medical malpractice lawsuit, and that Justin had not yet filed a NICP claim. Following the filing of Dr. Barden’s motion to dismiss, Justin filed an administrative claim for compensation under NICP. Meanwhile, the trial court permitted limited discovery to proceed in the lawsuit pending the outcome of Justin’s NICA claim.
NICA accepted Justin’s claim and The Florida Division of Administrative Hearings entered a Final Order Approving Claim for Compensation. The administrative order found that Justin suffered a birth-related neurological injury due to “brain injury caused by oxygen deprivation during the course of labor, delivery, or resuscitation in the immediate post-delivery period in the hospital.” It provided that Justin and his parents were entitled to receive an award of compensation pursuant to section 766.31, Florida Statutes (1995), because the obstetrical services were rendered by a “participating physician.” The administrative order directed that NICA make immediate payment to Justin of expenses previously incurred, as well as payments for future expenses as incurred, consistent with section 766.31(l)(a), Florida Statutes (1995). The order further stated that “[pjursuant to section 766.312, Florida Statutes, jurisdiction is reserved to resolve any disputes, should they arise, regarding the [parties’] compliance with the terms of this final order.”
Thereafter, Dr. Barden filed a second motion to dismiss Justin’s malpractice action, *1273 alleging that the NICP proceedings were his exclusive remedy. The trial court granted the motion to dismiss with prejudice, but reserved jurisdiction over the action indefinitely. Specifically, the trial court ruled:
‡ ‡ ‡ ‡
2. However, as the dismissal of this action with prejudice is based solely upon the statutory rights and remedies required for the Plaintiffs by [NICA], this Court shall retain review jurisdiction of this action, in the event of the failure of the Florida Birth-Related Neurological Injury Compensation Association plan, and thus the failure of the exclusive rights and remedies granted by [NICA]....
3. Failure of the [NICA] plan is defined by the Court to mean solely any economic or legal inability of the plan to carry out its statutory responsibilities to the minor Plaintiff in this cause.
4. The purpose of the reservation of jurisdiction of this matter to the Court is solely to prevent injustice to the minor Plaintiff in the event that this exclusive statutory process required of him and which solely prevents this cause of action no longer is be [sie] available as a right and remedy to him.
Compensation under NICP is the exclusive relief available to victims of birth-related neurological injuries. § 766.303, Fla. Stat. (1995). See also White v. Florida Birth Related Neurological, 655 So.2d 1292 (Fla. 5th DCA 1995). Thus, the right to receive compensation under NICP is a substitute for common law rights which would otherwise be available, thereby foreclosing a civil lawsuit against a physician participating in the plan. Humana of Florida, Inc. v. McKaughan on Behalf of McKaughan, 652 So.2d 852 (Fla. 2d DCA), app’d sub nom. Florida Birth-Related Neurological Injury Compensation Ass’n. v. McKaughan, 668 So.2d 974 (Fla.1996); Central Florida Regional Hospital, Inc., v. Wager, 656 So.2d 491 (Fla. 5th DCA 1995), app’d 672 So.2d 34 (Fla.1996). Therefore, upon the entry of the administrative order awarding Justin compensation -under NICP, dismissal of Justin’s malpractice action was required. The trial court possessed no authority to retain jurisdiction.
REVERSED.
GRIFFIN and THOMPSON, JJ„ concur.