LEWIS, C.J.,
dissenting.
I dissent from the majority’s conclusion that the ALJ possessed jurisdiction to determine whether the notice mandated by section 766.316 of the Florida Statutes was provided in this case. Rather, I would conclude that the Second District’s decision in All Children’s Hospital, Inc. v. Department of Administrative Hearings, 863 So.2d 450 (Fla. 2d DCA 2004), holding that “[i]t is the circuit court which must address th[is] issue[ ] in deciding whether a civil action will be allowed to proceed in the circuit court,” should be approved. Id. at 457 (emphasis supplied).
In interpreting the jurisdiction of the circuit court to determine notice under NICA, this Court should look to the workers’ compensation system for guidance, as *718 it has so often in the past. See, e.g., Fla. Birth-Related Neurological Injury Compensation Ass’n v. McKaughan, 668 So.2d 974, 979 (Fla.1996) (“[B]ecause both the [NICA] Plan and the workers’ compensation system possess common purposes and characteristics and are aimed at accomplishing similar results, albeit in different contexts, we may regard and construe them in pari materia.”). This Court has previously determined that “because the [NICA] Plan, like the Workers’ Compensation Act, is a statutory substitute for common law rights and liabilities, it should be strictly construed to include only those subjects clearly embraced within its terms.” Fla. Birth-Related Neurological Injury Compensation Ass’n v. Fla. Div. of Admin. Hearings, 686 So.2d 1349, 1354 (Fla.1997) [hereinafter DOAH ] (emphasis supplied) (quoting Humana of Fla., Inc. v. McKaughan, 652 So.2d 852, 859 (Fla. 2d DCA 1995), approved sub nom. Fla. Birth-Related Neuro. Injury Comp. Ass’n v. McKaughan, 668 So.2d 974 (Fla.1996)). Under the version of NICA that is applicable in the instant case, the ALJ possesses exclusive jurisdiction solely to determine whether a claim is compensable under NICA. See § 766.301, Fla. Stat. (Supp. 1998) (“The issue of whether such claims are covered by this act must be determined exclusively in an administrative proceeding.”). Under the specific language of NICA, a determination of compensability entails assessing: (1) whether the injury claimed is a birth-related neurological injury; (2) whether obstetrical services were delivered by a NICA participating physician; and (3) how much compensation should be awarded. See § 766.309, Fla. Stat. (1997). There is no mention whatsoever of notice in the version of section 766.309 that is applicable to the instant case. Since notice is not expressly listed as one of the issues that the ALJ must determine pursuant to section 766.309, we should not interpret NICA to remove the right of individuals to have this issue heard and decided by a circuit court. Rather, NICA should be strictly construed to limit the jurisdiction of the ALJ to those items expressly relegated under section 766.309. See DOAH, 686 So.2d at 1354.
My conclusion is further bolstered by the fact that we have stated “[b]eeause the assertion of NICA exclusivity is an affirmative defense, factual disputes concerning notice should be submitted to the jury where a jury trial is requested on all questions of fact.” Galen of Florida, Inc. v. Braniff, 696 So.2d 308, 311 (Fla.1997). This Court has previously determined that “allowing a circuit court to determine the exclusivity of [NICA] as an affirmative defense will not result in a frustration of the legislature’s purpose in enacting the Plan.” McKaughan, 668 So.2d at 979 (quoting lower court’s opinion). In reaching this determination, we compared NICA to the workers’ compensation system and concluded that “we are not aware of any documented evidence indicating that the legislative goal of this system has been frustrated by the long established law that workers’ compensation immunity is an affirmative defense to a traditional tort action.” Id. (quoting lower court’s opinion); see also Mandico v. Taos Constr., Inc., 605 So.2d 850, 854 (Fla.1992) (“The assertion that the plaintiffs exclusive remedy is under the workers’ compensation law is an affirmative defense, and its validity can only be determined in the course of litigation. The court has jurisdiction to decide the question.... ”). The 1998 amendments to NICA in no way altered this Court’s holding in Braniff because those amendments did not expressly delegate to the ALJ the authority to determine this issue of whether the notice mandated by section 766.316 was provided. Rather, the 1998 amendments granted an *719 ALJ the exclusive jurisdiction solely to determine whether a birth-related injury is compensable under NICA. See § 766.301, Fla. Stat. (Supp.1998).
Further, as noted in All Children’s Hospital, whether an entity is precluded from raising NICA as an affirmative defense for failure to give notice is a completely distinct issue from whether an injury is com-pensable under NICA. See 863 So.2d at 455.[19] This is evidenced by the fact that an individual who was not provided notice is not excluded from receiving compensation under NICA. See Braniff v. Galen of Florida, Inc., 669 So.2d 1051, 1053 n. 2 (Fla. 1st DCA 1995) (“The presence or absence of notice will neither advance nor defeat the claim of an eligible NICA claimant who has decided to invoke the NICA remedy by making this filing .... ”), approved, 696 So.2d 308 (Fla.1997). Additionally, it is not necessary under NICA for an ALJ to determine whether a party received notice pursuant to section 766.316 in order to decide whether a birth-related injury is compensable under NICA. See id. To decide the latter issue, the ALJ is only required to analyze the three elements listed in section 766.309. Hence, absent specific language, we should not assign duties to the ALJ that have traditionally been delegated to the exclusive province of the circuit courts. See Braniff, 696 So.2d at 311.
Like workers’ compensation, NICA “is a statutory substitute for common law rights and liabilities,” and, therefore, “it should be strictly construed to include only those subjects clearly embraced within its terms.” DOAH, 686 So.2d at 1354 (quoting McKaughan, 652 So.2d at 859). Therefore, the NICA plan must be interpreted narrowly so as not to sacrifice the common law rights of patients to a statutory substitute. I believe that the majority has erred in concluding that the ALJ possesses jurisdiction to determine whether the notice mandated by section 766.316 was provided because there is no express language in section 766.309 dictating such. Rather, I would conclude that the Second District in All Children’s Hospital properly determined that the issue of notice under the version of NICA applicable to the instant case can only be resolved by the circuit court.
.Therefore, I dissent.
ANSTEAD and PARIENTE, JJ„ concur.

. Judge Canady's well-written analysis is quoted at length in Justice Anstead's dissenting opinion.