656 So.2d 970 (1995)
Dr. A. Fred TURNER, et al., Petitioners,
v.
Rhonda HUBRICH and Timothy Weidner, etc., et al., Respondents.
No. 94-1173.
District Court of Appeal of Florida, Fifth District.
June 30, 1995.
Cynthia D. Lally of Hannah, Marsee & Voght, P.A., Larry D. Hall and Katherine Andrews of Adams, Hill, Reis, Adams, Hall & Schieffelin, Robert E. Mansbach, Jr., of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., and George F. Indest, III, and A. Scott Noecker of Taraska, Grower, & Ketcham, P.A., Orlando, for petitioners.
Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and F. Shields McManus of Gary, Williams, Parenti, Finney, Lewis & McManus, Stuart, for respondents.

ON MOTION FOR REHEARING
PER CURIAM.
We grant petitioners' motion for rehearing and substitute the following for our previous opinions.
Petitioners request certiorari review of an order allowing respondents to amend their complaint to allege petitioners' failure to comply with the statutory notice provision of Florida's Birth-Related Neurological Injury Compensation Act (NICA), sections 766.301-766.316, Florida Statutes (1993). Petitioners, who were participants in NICA, successfully obtained dismissal of respondents' original complaint because NICA provides an exclusive administrative remedy for birth-related neurological injuries, thereby precluding an action in the circuit court. Although the trial court dismissed the original complaint, it agreed with respondents that NICA requires that a participant give notice of its participation in the compensation act. The court further held that furnishing the notice is a *971 condition precedent to the exclusiveness of the administrative remedy provided by the act. We deny the petition.
Ordinarily orders granting motions to dismiss with leave to amend are not reviewable by certiorari because an adequate remedy exists by plenary appeal. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). However, in cases where a party is claiming immunity from civil liability or there is a question as to which forum is appropriate, as in this case, courts are more willing to exercise their discretionary certiorari jurisdiction. See City of Hialeah v. Fernandez, 18 Fla. L. Weekly D1222 ___ So.2d ___ [1993 WL 152187] (Fla. 3d DCA May 11, 1993); Tucker v. Resha, 610 So.2d 460 (Fla. 1st DCA 1992), quashed on other grounds, 648 So.2d 1187 (Fla. 1994); Seminole Tribe of Florida v. Houghtaling, 589 So.2d 1030 (Fla. 2d DCA 1991), approved, 611 So.2d 1235 (Fla. 1993).
Section 766.316, Florida Statutes (1993) provides:
Each hospital with a participating physician on its staff and each participating physician ... under the Florida Birth-Related Neurological Injury Compensation Plan shall provide notice to the obstetrical patients thereof as to the limited no-fault alternative for birth-related neurological injuries. Such notice shall be provided on forms furnished by the association and shall include a clear and concise explanation of a patient's rights and limitations under the plan.
Here, the plaintiffs/respondents wish to allege in an amended complaint that the defendants/petitioners did not give the notice. If that notice was not given, the plaintiffs/respondents were deprived of an opportunity to seek the services of a health care provider who did not participate in the NICA program and who was free of the administrative remedies and limitations of NICA.
The notice should give the plaintiffs a "clear and concise explanation of a patient's rights and limitations under the plan." The statute is quite clear that the burden is on the NICA participants to give the enlightening notice to their patients. The statute is silent as to when the notice is to be given, but it would make little sense to construe the statute to allow the patients to be apprised of rights and limitations after the services leading to the alleged injuries have been performed. Petitioners argue that in an emergency situation it would be difficult to give the required advance notice but it does not appear that an emergency existed in the instant case, as respondents allege that 16 visits to the physicians preceded the admission to the hospital. Because the instant case does not involve an emergency it is not necessary to rule on the requirements of the statute with regard to such an eventuality.
PETITION DENIED.
DAUKSCH, W. SHARP, and PETERSON, JJ., concur.