664 So.2d 65 (1995)
Kelly A. MILLS, Individually, as a Parent, and as Personal Representative of the Estate of Alexis Rosenthal; and Jack Rosenthal, Individually and as a Parent of Alexis Rosenthal, Appellants,
v.
NORTH BROWARD HOSPITAL DISTRICT, d/b/a Broward General Medical Center; Sunlife OB/GYN Services of Broward County, Inc.; Lherisson Domond, M.D.; and Lherisson Domond, M.D., P.A., Appellees.
Nos. 93-1661, 93-2588.
District Court of Appeal of Florida, Fourth District.
December 13, 1995.
Phillip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and William deForest Thompson, P.A., Fort Lauderdale, for appellants.
Linda R. Spaulding and Gina G. Greeson of Conrad, Scherer, James & Jenne, Fort Lauderdale, for Appellee-North Broward Hospital District.
Bonnie Eyler and Vanessa A. Reynolds of Santone, Eyler & Lury, P.A., Fort Lauderdale, for Appellees-Domond.
FARMER, Judge.[1]
We reverse a final order of dismissal of plaintiffs' medical malpractice complaint against an obstetrician and hospital for birth related neurological injuries to their child. We conclude that the failure to give notice to plaintiffs before the provision of medical services that the doctors had elected participation in the Neurological Injury Compensation Act deprives the agency of its exclusive jurisdiction and authorizes the circuit court to hear and adjudicate their claim.
As regards defendants' contention that the agency has exclusive jurisdiction under circumstances where no notice was given before the provision of the services giving rise to the suit, we agree with and follow the decisions in Turner v. Hubrich, 656 So.2d 970 (Fla. 5th DCA 1995), and Braniff v. Galen of Florida Inc., 20 Fla. L. Weekly D2140, ___ So.2d ___ *66 (Fla. 1st DCA Sept. 11, 1995). We join the first district in certifying the following question to the supreme court:
"Does § 766.316, Fla. Stat. (1993), require that health care providers give pre-delivery notice to their obstetrical patients of their participation in the Florida Birth Related Neurological Injury Compensation Plan as a condition precedent to the providers invoking NICA as the patient's exclusive remedy?"
REVERSED.
GUNTHER, C.J., and WARNER, J., concur.
NOTES
[1] Judge Farmer has been substituted for the late Judge Hersey and has had the opportunity to listen to the recording of oral argument.