664 So.2d 1173 (1995)
Kathleen BEHAN, Mary Lou Behan and Gerald Behan, Appellants,
v.
FLORIDA BIRTH-RELATED NEUROLOGICAL INJURY COMPENSATION ASSOCIATION, Appellee.
No. 93-2862.
District Court of Appeal of Florida, Fourth District.
December 27, 1995.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., *1174 Miami, and Sheldon J. Schlesinger, Fort Lauderdale, for appellants.
W. Douglas Moody, Jr. of Taylor, Brion, Buker and Greene, P.A., Tallahassee, and David W. Black of Atkinson, Diner, Stone, Black & Mankuta, P.A., Hollywood, for appellee.
James S. Haliczer and Pamela R. Kittrell of Cooney, Haliczer, Mattson, Lance, Blackburn, Pettis & Richards, P.A., Fort Lauderdale, amicus curiae for M.J. Rodriguez, M.D.
John W. Mauro of Billing, Cochran, Heath, Lyles & Mauro, P.A., Fort Lauderdale, amicus curiae for Healthtrust, Inc.  The Hospital Company d/b/a Plantation General Hospital, etc.
PER CURIAM.
Appellants filed an administrative claim pursuant to Florida's Birth-Related Neurological Injury Compensation Act (NICA), but did so under protest contending that they were not given notice as required by section 766.316, Florida Statutes (1993), and that NICA was, therefore, inapplicable. The hearing officer refused to expressly rule upon the issue of notice, but proceeded to make the following finding:
Having carefully reviewed the evidentiary record developed in this case, the Hearing Officer agrees with NICA that Kathleen Behan has not suffered a "birth-related neurological injury," within the meaning of Section 766.302(2), Florida Statutes, and that therefore the Behans' claim is noncompensable under the Plan... .
Having considered and decided upon appellant's claim, the hearing officer assumed jurisdiction and implicitly concluded that notice is not a condition precedent to the exclusive jurisdiction of the agency.
Appellants raise two points in this appeal. First, they contend that the notice requirement of section 766.316 is a condition precedent to the applicability of NICA. They also contend that the hearing officer erred in failing to strictly adhere to the provisions relating to the medical advisory panel report. We need not address appellants' second point on appeal, since this court concluded in Mills v. North Broward Hospital, 664 So.2d 65 (Fla. 4th DCA 1995), that:
the failure to give notice to plaintiffs before the provision of medical services that the doctors had elected participation in the Neurological Injury Compensation Act deprives the agency of its exclusive jurisdiction... .
In the instant case, appellants' obstetrician failed to provide the statutorily required notice. The hearing officer consequently lacked jurisdiction to consider whether the child had incurred a birth-related injury as contemplated by the plan. See also Braniff v. Galen of Florida Inc., 20 Fla. L. Weekly D2140, ___ So.2d ___ (Fla. 1st DCA Sept. 11, 1995); Turner v. Hubrich, 656 So.2d 970 (Fla. 5th DCA 1995). Accordingly, we reverse the hearing officer's order for lack of jurisdiction. We certify the same question as that certified in Mills as being of great public importance:
DOES SECTION 766.316, FLORIDA STATUTES (1993), REQUIRE THAT HEALTH CARE PROVIDERS GIVE PRE-DELIVERY NOTICE TO THEIR OBSTETRICAL PATIENTS OF THEIR PARTICIPATION IN THE FLORIDA BIRTH-RELATED NEUROLOGICAL INJURY COMPENSATION PLAN AS A CONDITION PRECEDENT TO THE PROVIDERS INVOKING NICA AS THE PATIENTS' EXCLUSIVE REMEDY?
REVERSED.
GLICKSTEIN, DELL and FARMER, JJ., concur.