667 So.2d 971 (1996)
Bryan SIRAVO, a Minor, By and Through his Parents and Natural Guardians, Robert SIRAVO and Mauro Siravo, and Robert Siravo and Mauro Siravo, Individually, Appellants,
v.
FLORIDA BIRTH-RELATED NEUROLOGICAL INJURY COMPENSATION ASSOCIATION, Appellee.
No. 94-0762.
District Court of Appeal of Florida, Fourth District.
February 14, 1996.
*972 Sheldon J. Schlesinger, P.A., Fort Lauderdale, and Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for appellants.
W. Douglas Moody, Jr. of Taylor, Brion, Buker & Greene, Tallahassee, and David W. Black of Atkinson, Diner, Stone, Black & Mankuta, P.A., Hollywood, for appellee.
PER CURIAM.
Reversed on the authority of Bradford v. Florida Birth Related Neurological Injury Compensation Ass'n, 667 So.2d 401 (Fla. 4th DCA 1995); Behan v. Florida Birth Related Neurological Injury Compensation Ass'n, 664 So.2d 1173 (Fla. 4th DCA 1995); Mills v. North Broward Hospital District, 664 So.2d 65 (Fla. 4th DCA 1995); and Turner v. Hubrich, 656 So.2d 970 (Fla. 5th DCA 1995). Here, as in Bradford and Behan, an administrative claim was filed under the Birth-Related Neurological Injury Compensation Act. Appellants asserted in the administrative proceedings that the Act was not applicable as the patient was not provided notice by the doctor of his participation in the appellee/association (NICA) as required by the section 766.316, Florida Statutes.
Here, the hearing officer declined to determine whether notice to a patient is a condition precedent to application of the statute before concluding, as in Bradford and Behan, in denying recovery on the merits, that the injury to the child did not occur during birth as required under 766.301, Florida Statutes. In concluding that the notice to the patient is a condition precedent to reliance on NICA, we certify to the supreme court the same question certified in Bradford:
DOES SECTION 766.316, FLORIDA STATUTES (1993), REQUIRE THAT HEALTH CARE PROVIDERS GIVE PREDELIVERY NOTICE TO THEIR OBSTETRICAL PATIENTS OF THEIR PARTICIPATION IN THE FLORIDA BIRTH-RELATED NEUROLOGICAL INJURY COMPENSATION PLAN AS A CONDITION PRECEDENT TO THE PROVIDERS INVOKING NICA AS THE PATIENT'S EXCLUSIVE REMEDY?
We need not determine here whether the condition precedent may be waived by the patient.
STONE and STEVENSON, JJ., concur.
KLEIN, J., dissents with opinion.
KLEIN, Judge, dissenting.
I dissent for the same reasons I dissented in Bradford v. Florida Birth-Related Neurological Injury Compensation Ass'n, 667 So.2d 401 (Fla. 4th DCA 1995).