932 So.2d 598 (2006)
ORLANDO REGIONAL HEALTHCARE, etc., et al., Petitioner,
v.
Dajuanda ALEXANDER, etc., et al., Respondent.
No. 5D06-139.
District Court of Appeal of Florida, Fifth District.
June 30, 2006.
*599 Richard L. Allen, Jr. and Kimberly D. Webb, of Rumberger, Kirk & Caldwell, P.A., Orlando, for Petitioner Orlando Regional Healthcare System.
Ronald S. Gilbert of Colling Gilbert & Wright, Maitland, for Respondent Dajuanda Alexander.
PALMER, J.
Petitioner, Orlando Regional Healthcare System (ORHS), seeks certiorari review of the trial court's order granting respondent Dajuanda Alexander's motion for leave to file an amended complaint. Concluding that the trial court departed from the essential requirements of law, causing harm which cannot adequately be remedied on appeal, we grant the petition.
Respondent, Dajuanda Alexander, filed a complaint alleging medical malpractice against Jerome Leroy Adams, M.D. and ORHS occurring during the birth of her son, Elliott. The pertinent factual background is set forth in detail in Orlando Regional Healthcare System, Inc. v. Alexander, 909 So.2d 582 (Fla. 5th DCA 2005). ORHS defended the lawsuit by asserting its immunity from civil suit pursuant to the exclusive remedy of the compensation plan administered by Florida's Neurological Injury Compensation Association (NICA). See generally § 766.303, Fla. Stat. (2005).
Alexander's lawsuit was abated while the parties litigated the issues of NICA compensability before the Florida Department of Administrative Hearings (DOAH). In the DOAH proceeding, Alexander argued that the NICA plan did not apply to her claims against ORHS because her allegations of medical negligence related to a period of time before labor and delivery. The administrative law judge (ALJ) rejected that argument, finding compensability under NICA because Elliott's injuries were birth-related. This court affirmed the ALJ's finding of compensability, holding that there was competent substantial evidence to support his finding that Alexander had not rebutted the presumption that Elliott's injuries were birth-related injuries covered under the NICA plan. At the same time, this court reversed the ALJ's finding that ORHS could not avail *600 itself of the exclusive remedy under NICA because of lack of notice, holding that ORHS was excused from providing statutory pre-delivery notice to Alexander because she arrived at the hospital under emergency conditions.
After this court issued its mandate in that case, Alexander filed a motion in the trial court seeking to reactivate her lawsuit. ORHS responded by filing a motion for summary judgment. In the motion, ORHS asserted that, since Alexander received the rights and remedies pursuant to the NICA plan, no civil action against ORHS could be continued because of the exclusiveness of the NICA remedy. See § 766.304, Fla. Stat. (2005). The trial court agreed with ORHS and entered final summary judgment in its favor. However, on the same day, the court entered an order granting Alexander's pending motion for leave to amend her complaint to add a claim against ORHS for the alleged negligence of two nurses who treated Alexander at the emergency room prior to her labor and delivery. The proposed amended complaint is almost identical to Alexander's initial complaint except for the fact that the amended complaint identifies the two nurses employed by ORHS by name. ORHS seeks certiorari review of this order.
Alexander maintains that the trial court's ruling allowing her to amend her complaint was proper because the amended portions of her complaint are not subject to the exclusive remedies set forth under the NICA plan since the nurse's alleged negligence occurred prior to labor and delivery. ORHS responds, arguing that further amendment to Alexander's complaint to add claims against ORHS is not authorized because the factual issue relating to Elliott's injury was tried before the ALJ and his determination that Elliott's injury was a birth-related neurological injury compensable under NICA was affirmed on appeal.
Section 766.304, Florida Statutes (2005), states that, if the ALJ determines that the claimant is entitled to receive compensation under the NICA plan, no civil action may be brought or continued. Since the determination has been made that Elliott's injury was birth-related, no further civil action against ORHS is allowed. Therefore, the trial court departed from the essential requirements of law in granting Alexander's motion for leave to amend her complaint to add an additional claim against ORHS.
Having found that the trial court departed from the essential requirements of law, we must determine whether certiorari is an available remedy.
Ordinarily, orders allowing parties to amend their complaints are not reviewable by certiorari because an adequate remedy exists by plenary appeal. However, in cases where a party is claiming immunity from civil liability, the exercise of our discretionary certiorari jurisdiction may be appropriate.
In Turner v. Hubrich, 656 So.2d 970 (Fla. 5th DCA 1995), a medical malpractice action was filed against physicians who participated in the NICA plan. The circuit court granted the motion to dismiss based on the exclusive administrative remedy under NICA, but granted the plaintiffs leave to amend their complaint to allege a claim that the defendants had not complied with statutory notice requirements. The physicians filed a petition for writ of certiorari seeking review of the trial court's order. Although this court ultimately denied certiorari relief, holding that the notice requirements were a prerequisite to the application of NICA's exclusive administrative remedy, we nonetheless considered the petition on *601 its merit. See also Central Florida Regional Hospital v. Hill, 721 So.2d 404 (Fla. 5th DCA 1998)(holding that certiorari was appropriate to review orders denying motions to dismiss claims that the requirements of the Medical Malpractice Reform Act have not been met, holding that the requirement that the malpractice be fully litigated would frustrate the purpose of the Act and the resulting harm could not be remedied on appeal).
Applying the reasoning set forth in Turner and Hill, we conclude that certiorari review is appropriate in this case so as to effectuate the intent of the NICA legislation, which is to establish a limited system of compensation irrespective of fault. See § 766.301, Fla. Stat. (2005). Accordingly, we grant ORHS's petition for certiorari and quash the trial court's order granting Alexander's motion for leave to file an amended complaint.
PETITION GRANTED; ORDER QUASHED.
SHARP, W., and GRIFFIN, JJ., concur.