HAZOURI, J.
Pediatrix Medical Group of Florida, Inc., and several neonatologist doctors individually (Pediatrix), petition for certiorari review to quash a trial court order which denied their motion for summary judgment. Pediatrix argues they are immune from suit under the exclusiveness of remedy provision of the Florida Neurological Birth-Related Injury Compensation Plan (NICA or “the plan”). § 766.303(2), Fla. Stat. (2009) (explaining that rights and remedies under the plan “exclude all other rights and remedies ... against any person or entity directly involved with the labor, delivery, or immediate postdelivery resuscitation during which such injury occurs, arising out of or related to a medical negligence claim with respect to such injury”).
Because this case involves a claim of statutory immunity from suit, certiorari jurisdiction is appropriate. Orlando Reg’l Healthcare v. Alexander, 932 So.2d 598, 600 (Fla. 5th DCA 2006) (explaining that certiorari lies to review claims of immunity under NICA).
We grant the petition and remand for further proceedings consistent with Florida Birth-Related Neurological Injury Compensation Ass’n v. Department of Administrative Hearings, 29 So.3d 992 (Fla.2010), which was decided while this petition was pending.
The relevant facts are as follows: the parents of a severely brain damaged child who suffered birth-related neurological injuries sued Pediatrix. They alleged that the neonatologists were negligent in failing to properly manage the child’s care while she was in the intensive care unit at the *312 hospital after delivery. The parents also sued the delivering doctor and hospital.
Under NICA, an administrative law judge (ALJ) is to make the initial determination of whether a claim is compensable under the plan. § 766.304, Fla. Stat. (2009). In the administrative proceedings, the parties stipulated that the claim was compensable because the delivering doctor was a participating physician, and the doctor and hospital had complied with the notice provisions of NICA. The parents accepted NICA benefits and did not object to summary judgments entered for the delivering doctor and hospital.
Thereafter, Pediatrix moved for summary judgment based on the exclusiveness of remedy provision of section 766.303(2). The circuit court denied summary judgment, finding that the Pediatrix doctors were not immune from suit, as the exclusivity provision did not apply to them because they are not “participating physicians” under the plan. § 766.302(7) (defining a “participating physician” as one who practices obstetrics or “performs obstetrical services” and who has paid the yearly assessment required for participation). This petition followed.
In Florida Birth-Related Neurological Injury Compensation Ass’n v. Department of Administrative Hearings, 29 So.3d 992 (Fla. 2010), the Florida Supreme Court held that, to be entitled to NICA protections, both a participating physician and a hospital with a participating physician on its staff, were required to provide notice under section 766.316, Florida Statutes (2009). Id. at 998. The court went on to clarify, however, that NICA protections were “severable” as to the defendants and explained:
Consequently, under our holding today, if either the participating physician or the hospital with participating physicians on its staff fails to give notice, then the claimant can either (1) accept NICA remedies and, forgo any civil suit against any other person or entity involved in the labor or delivery, or (2) pursue a civil suit only against the person or entity who failed, to give notice and forgo any remedies under NICA.
Id. (emphasis added). This makes clear that, once a claimant accepts NICA benefits for a compensable claim, the claimant forgoes any civil suit against “any person or entity [including non-covered persons or entities] directly involved with the labor, delivery, or immediate postdelivery resuscitation.” § 766.303(2). When a claim is compensable under NICA as to some persons or entities involved, but not others, a claimant must elect to accept the NICA no-fault benefits or to pursue a civil action against any non-covered persons or entities. The remedies are mutually exclusive.
The plain language of section 766.303(2) bars double recovery for a com-pensable injury under NICA. See also § 766.304, Fla. Stat. (2009) (“If the administrative law judge determines that the claimant is entitled to compensation from the association, or if the claimant accepts an award issued under § 766.31, no civil action may be brought or continued in violation of the exclusiveness of remedy provisions of § 766.303.”); Fla. Birth-Related Neurological Injury Comp. Ass’n v. Fla. Div. of Admin. Hearings, 948 So.2d 705, 711 (Fla.2007) (“If the ALJ determines that a claim is compensable, compensation under the NICA Plan becomes the claimant’s exclusive remedy. A claimant may not bring or maintain a civil suit in violation of NICA’s exclusive remedy provision.” (citation omitted)). An ALJ’s interpretation of the plan is reviewed de novo, while its findings of fact are upheld if supported by competent, substantial evidence. Nagy v. Fla. Birth-Related Neurological Injury Comp. Ass’n, 813 So.2d 155, 159 (Fla. 4th DCA 2002). Had the *313 plaintiffs not accepted the NICA benefits, they could have pursued a claim against a non-covered provider of obstetrical services, such as a non-participating physician or one that failed to provide required notice.[1]
The trial court departed from the essential requirements of law in failing to properly implement the exclusiveness of remedy provision of section 766.303(2). The trial court was under the mistaken impression that a claimant could accept NICA benefits as to the covered parties and still proceed in a civil action against a nonparticipating physician for a covered injury.
The plaintiffs also argued that NICA does not apply, and that they were entitled to pursue a civil action against Pediatrix, because Pediatrix’s alleged negligence caused injury to the child that did not occur during “the labor, delivery, or immediate postdelivery resuscitation.” The trial court did not rule on this point. Pediatrix administered postdelivery care in the pediatric intensive care unit. Whether an injury occurred during resuscitation in the immediate postdelivery period requires a case-by-case analysis. See Orlando Reg’l Healthcare Sys., Inc. v. Fla. Birth-Related Neurological, 997 So.2d 426, 430 (Fla. 5th DCA 2008).
On remand, the trial court should consider plaintiffs argument that Pediatrix’s alleged negligence caused injury outside the covered period and, therefore, NICA would not be their exclusive remedy. The question of whether the claim against Pe-diatrix is compensable under the plan may need to be referred to the ALJ for a determination if that determination has not already been made. § 766.304 (explaining that ALJ has exclusive jurisdiction to determine whether claim is compensable and that “[n]o civil action may be brought until the determinations under § 766.309 have been made by the administrative law judge”); § 766.309(l)(a) (requiring ALJ to find whether injury claimed is a “birth-related neurological injury”). In the administrative proceedings, plaintiffs stipulated that their claim was compensable under NICA as to the delivering doctor and hospital. The record is silent as to whether compensability of the claim made against Pediatrix was considered or determined in the administrative proceeding.
The petition is GRANTED, and this matter is remanded for further proceedings consistent with this opinion.
FARMER and STEVENSON, JJ., concur.

. We reject petitioner’s argument that the exclusiveness of remedy provision protects all physicians involved in a birth, or immediate post-delivery resuscitation, as long as one physician participates in the plan. To be entitled to the plan's protections, each physician practicing obstetrics or performing obstetrical services must pay the yearly assessment. § 766.302(7), Fla. Stat. (2009). A contrary reading would render the definition of a "participating physician” nugatory and would undermine funding for the plan.