EVANDER, J.
 

 Orlando Regional Healthcare System, Inc. (“Orlando Regional”), seeks certiorari review of an order denying its motion for summary judgment. Because the trial court denied a claim for statutory immunity from suit under Florida’s Birth-Related Neurological Injury Compensation Act (“NICA”),
 
 [1]
 
 certiorari jurisdiction is appropriate.
 
 See Pediatrix Med. Grp. of Fla., Inc. v. Falconer,
 
 31 So.3d 310 (Fla. 4th DCA 2010);
 
 Orlando Reg’l Healthcare Sys., Inc. v. Alexander,
 
 932 So.2d 598 (Fla. 5th DCA 2006). We conclude that the trial court properly denied Orlando Regional’s motion for summary judgment and, accordingly, deny the petition.
 

 Sarah and Bryan Gwyn, individually and as parents and natural guardians of Daniel Gwyn, a minor, brought a medical malpractice action against Orlando Regional, Dr. Michael Stroup, and Michael Stroup, M.D., P.A. In their complaint, the Gwyns alleged that because of the defendants’ negligence, Daniel was deprived of oxygen during the labor and delivery process and was born profoundly impaired and brain damaged. Orlando Regional filed an amended answer and asserted, as an affirmative defense, that it was immune from suit because it had provided timely notice to the Gwyns of its participation in NICA.
 
 [2]
 

 During discovery, the Gwyns acknowledged receipt of the aforesaid notice. Thereafter, Orlando Regional filed its motion for summary judgment, arguing that it was afforded civil liability protection due to its participation in NICA and its giving of timely notice to the Gwyns. In response, the Gwyns observed that it was undisputed that Dr. Stroup, the only at
 
 *387
 
 tending obstetrician at the time of Daniel’s delivery, was not a “participating physician” as defined in the Act. Specifically, section 766.302(7), Florida Statutes (2010), defines “participating physician” as:
 

 A physician licensed in Florida to practice medicine who practices obstetrics, or performs obstetrical services either full time or part time and who had paid or was exempted from payment at the time of the injury the assessment required for participation in the birth-related neurological injury compensation plan for the year in which the injury occurred....
 

 Because claims are only compensable under NICA if the obstetric services are provided by a “participating physician,” the Gwyns argued that no shield or immunity was given to Orlando Regional (or any other person) regardless of whether a NICA notice was given. The trial court accepted the Gwyns’ argument and denied the motion.
 

 NICA was enacted by the Florida Legislature with the intent to stabilize and reduce malpractice insurance premiums for physicians practicing obstetrics. § 766.301(l)(e). A fund was created by the Legislature to provide compensation, on a no-fault basis, for birth-related neurological injuries.
 
 Fla. Birth-Related Neurological Injury Comp. Ass’n v. Dep’t. of Admin. Hearings,
 
 29 So.3d 992, 995 (Fla.2010). Financing for the fund was provided through assessments made against hospitals and physicians
 
 (see
 
 section 766.314) and limitations were placed on amounts recoverable by claimants
 
 (see
 
 section 766.31). In essence, NICA was intended to establish a limited system of compensation irrespective of fault.
 
 See
 
 § 766.301(l)(d). Because NICA’s remedies are limited, obstetric patients subject to limited compensation under NICA are entitled to receive pre-delivery notice of their rights and limitations under the Act.
 
 See
 
 § 766.316;
 
 see also Fla. Birth-Related Neurological Injury Comp. Ass’n,
 
 29 So.3d at 995;
 
 Galen of Fla., Inc. v. Braniff,
 
 696 So.2d 308, 309-10 (Fla.1997).
 

 With limited exceptions not applicable to the instant case, physicians providing obstetric services are required to pay an annual assessment of $5,000 to be considered a “participating physician.”
 
 See
 
 §§ 766.302(7) and 766.314(4)(c). Significantly, birth-related neurological injuries are only compensable under the Act if obstetric services were provided by a participating physician:
 

 Upon determining that an infant has sustained a birth-related neurological injury
 
 and that obstetrical services were delivered by a participating physician at the birth,
 
 the administrative law judge shall make an award providing compensation for the following items relative to such injury ...
 

 § 766.31(1) (emphasis added);
 
 see also Calixte v. Fla. Birth-Related Neurological Injury Comp. Ass’n,
 
 2010 WL 1938022, DOAH Case No. 09-6428N (May 11, 2010) (dismissing, with prejudice, petitioners’ claim for NICA benefits because the physician who provided services to the mother was not a “participating physician”);
 
 Lopez v. Fla. Birth-Related Neurological Injury Comp. Ass’n,
 
 2009 WL 3495456, DOAH Case No. 09-4150N (Oct. 27, 2009) (dismissing, with prejudice, petitioners’ claim for NICA benefits because the physician who provided obstetrical services to the mother was not a “participating physician”).
 

 In the present case, Orlando Regional admits that the Gwyns would not be entitled to any compensation under NICA. Nonetheless, it contends that the giving of a NICA notice affords it immunity from suit. We disagree. While immunity for medical providers may be the end result,
 
 *388
 
 the NICA statutes do not expressly grant immunity from suit to anyone. Instead, pursuant to section 766.308(2), NICA is to provide the exclusive remedies for claims that fall within the Act:
 

 The rights and remedies granted by this plan on account of a birth-related neurological injury shall exclude all other rights and remedies of such infant, her or his personal representative, parents, dependents, and next of kin, at common law or otherwise, against any person or entity directly involved with the labor, delivery, or immediate post-delivery resuscitation during which such injury occurs, arising out of or related to a medical negligence claim with respect to such injury; except that a civil action shall not be foreclosed where there is clear and convincing evidence of bad faith or malicious purpose or a willful and wanton disregard of human rights, safety, or property, provided that such suit is filed prior to and in lieu of payment of an award under ss. 766.301-766.316. Such suit shall be filed before the award of the division becomes conclusive and binding as provided for in section 766.311.
 

 Here, NICA cannot be found to afford the Gwyns’ their exclusive remedy for the simple reason that, as a matter of law, the Gwyns do not have a compensable claim under NICA. The remedies and protections afforded by NICA are limited to those cases in which obstetric services were provided by a participating physician at the infant’s birth. Therefore, the Act does not afford the Gwyns a remedy and, correspondingly, it does not afford Orlando Regional protection from a tort claim.
 

 Orlando Regional cites for support to
 
 Florida Birth-Related Neurological Injury Compensation Association v. Department of Administrative Hearings,
 
 29 So.3d 992 (Fla.2010). However, that case is readily distinguishable because, unlike here, the obstetric services were provided by a participating physician. Thus, where a NICA notice had been given by the physician but not the hospital, the Florida Supreme Court held that the participating physician was immune from suit notwithstanding the hospital’s failure to give the statutorily-required NICA notice. The Florida Supreme Court then concluded that the plaintiffs could either pursue them remedy under NICA or, alternatively, bring a tort claim against the hospital only. In the instant case, the Gwyns do not have alternative remedies available. As a matter of law, they have no NICA claim because them claim does not fall within the scope of the Act. Their only available remedy is through the courts.
 

 Petition for Writ of Certiorari is hereby DENIED.
 

 MONACO, C.J., and JACOBUS, J., concur.
 

 [1]
 

 . §§ 766.301-.316, Fla. Stat. (2010).
 

 [2]
 

 . Pursuant to section 766.316, Florida Statutes, each hospital with a participating physician on its staff and physicians deemed to be "participating physicians” under the Act are required to provide notice to their obstetrical patients "as to the limited no-fault alternative for birth-related neurological injuries.”