DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHILDREN'S MEDICAL CENTER, P.A., THEODORE MORRISON, M.D., KENNETH BUDOWSKY, M.D., JACINTA MAGNUS, M.D.,** and **NANCY CHIANG, M.D.,**
Petitioners,

v.

**JAKYUNG KIM** and **WOOCHAN KIM,** as parents and next friend of **BABY SEAHYUN KIM,** a minor,
Respondents.

No. 4D14-3932

[ May 27, 2015 ]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez Powell, Judge; L.T. Case No. 09-55893 03.

Dinah Stein and Shannon Debus-Horn of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, and Michael A. Petruccelli and Steven A. Osher of Fann & Petruccelli, P.A., Fort Lauderdale, for petitioners.

Philip M. Burlington of Burlington & Rockenbach, P.A., West Palm Beach, and Alan Goldfarb and Liah C. Catanese of Alan Goldfarb, P.A., Miami, for respondents.

PER CURIAM.

The petitioners are pediatric physicians who seek certiorari review of an order denying their motion to abate a medical negligence action. They assert that, before the action can proceed in circuit court, an administrative law judge must first determine whether the injuries suffered by the respondents' child fall within the Florida Birth-Related Neurological Injury Compensation Plan (NICA). See §§ 766.301-766.316, Fla. Stat. (2007). Although there is no pending NICA claim, certiorari lies to review the denial of a motion to abate. *See generally State Farm Mut. Auto Ins.* v. *Kelly*, 533 So. 2d 787 (Fla. 4th DCA 1988); *Univ. of Miami v. M.A.*, 793 So. 2d 999 (Fla. 3d DCA 2001). We agree with respondents that the trial court did not depart from the essential requirements of law in denying petitioners' motion.

The complaint alleges that the malpractice occurred in treating the child during the days and weeks after the birth, and not within the "immediate post-delivery period in a hospital." § 766.302(2), Fla. Stat. (2007). The respondents have neither sought nor accepted NICA benefits as to any covered doctor or entity. These petitioners did not provide any obstetrical services, nor did they provide pre-delivery notice as required to claim immunity from civil suit under NICA. See § 766.316, Fla. Stat. (2007). In fact, these petitioners are not participating physicians or within the class of doctors covered by the NICA statute. See §§ 766.301, 766.302(7), Fla. Stat. (2007).

Even if injuries that the child suffered during birth were arguably compensable under NICA in this case, the exclusiveness of remedy provision of section 766.303(2) does not apply. *See Fla. Birth-Related Neurological Injury Comp. Ass'n v. Dep't of Admin. Hearings*, 29 So. 3d 992, 999 (Fla. 2010) (explaining that NICA benefits are severable as to defendants and that a claimant may opt to accept NICA benefits for a compensable injury or proceed against a person or entity who failed to give notice and was therefore not entitled to NICA protections); *Pediatrix Med. Grp. of Fla., Inc. v. Falconer*, 31 So. 3d 310, 312 (Fla. 4th DCA 2010) ("When a claim is compensable under NICA as to some persons or entities involved, but not others, a claimant must elect to accept the NICA no-fault benefits or to pursue a civil action against any non-covered persons or entities."). Here, respondents have elected to pursue their claim as a civil action against the petitioners, who are non-covered persons or entities under the NICA statute. As such, petitioners have failed to make a prima facie showing of any entitlement to NICA's exclusive remedy provisions.

Accordingly, we deny the petition.

TAYLOR, MAY and KLINGENSMITH, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

2