# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-1096
LT Case No. 22-0526N

_____

NEKEISHA WILSON, on behalf of
and as parent and natural
guardian of Syriah Pinkney, a
minor,

     Appellant,

     v.

FLORIDA BIRTH-RELATED
NEUROLOGICAL INJURY
COMPENSATION ASSOCIATION,

     Appellee.

_____

Administrative appeal from the Florida Division of
Administrative Hearings.

Jonathan Mann and Robin Bresky, of Schwartz Sladkus Reich
Greenberg Atlas LLP, Boca Raton, for Appellant.

Tana D. Storey, Stephen A. Ecenia, and J. Stephen Menton, of
Rutledge Ecenia, P.A., Tallahassee, for Appellee.

February 23, 2024

PER CURIAM.

     Appellant petitioned for benefits from the Florida Birth-
Related Neurological Injury Compensation Association ("NICA").

NICA determined that Appellant's claim was not compensable, and the case proceeded to a hearing before an Administrative Law Judge ("ALJ"). Appellant and NICA agreed that Appellant's daughter ("Child") experienced "some degree of birth-related oxygen deprivation," but disagreed about whether the oxygen deprivation caused a brain injury that rendered Child permanently and substantially impaired. The parties stipulated that the sole legal issue for the ALJ's adjudication was whether Child "suffered a birth-related neurological injury" as defined by section 766.302(2), Florida Statutes.

Each side presented expert deposition testimony concerning the disputed facts. The ALJ's final order evaluated this testimony and the rest of the evidence, including Child's medical records, in detail. Based on her evaluation of the evidence, the ALJ found that Child "suffered oxygen deprivation during the course of labor, delivery, and the post-delivery period." However, the ALJ did not find that this oxygen deprivation caused a brain injury—let alone one that resulted in Child's permanent and substantial impairment. Because the ALJ did not find the existence of a "birth-related neurological injury," the ALJ dismissed Appellant's petition for NICA benefits with prejudice.

On appeal, Appellant contends the ALJ failed to apply a statutory presumption that relieves NICA claimants from having to prove when an injury occurred if they show the other elements of a "birth-related neurological injury." *See* § 766.309(1)(a), Fla. Stat. "An ALJ's interpretation of the [NICA] plan is reviewed de novo, while its findings of fact are upheld if supported by competent, substantial evidence." *Pediatrix Med. Grp. of Fla., Inc. v. Falconer*, 31 So. 3d 310, 312 (Fla. 4th DCA 2010).

"The NICA Plan does not cover all incidents of brain damage sustained by an infant delivered by an obstetrician." *Bennett v. St. Vincent's Med. Ctr., Inc.*, 71 So. 3d 828, 836 (Fla. 2011). Instead, coverage is reserved for when an infant suffers a "birth-related neurological injury," which is a statutory term of art. *Id.* at 836–37; *see* § 766.302(2), Fla. Stat. (defining the term). Under the statute, "a birth-related neurological injury has four components: (1) an injury to the brain or spinal cord; (2) which is caused by oxygen deprivation or mechanical injury; (3) during labor, delivery,

2

or resuscitation in the immediate postdelivery period; and (4) which renders the infant permanently and substantially impaired." *Bennett*, 71 So. 3d at 837.

When a claimant demonstrates the existence of elements (1), (2), and (4) "to the satisfaction of the administrative law judge," then a rebuttable presumption arises in the claimant's favor as to the existence of element (3). *See* § 766.309(1)(a), Fla. Stat. "Therefore, if the claimant . . . knows only that the infant has sustained a brain injury caused by oxygen deprivation that has rendered the infant permanently and substantially impaired, the claimant does not have to establish that the incident occurred during labor, delivery, or resuscitation in the immediate postdelivery period." *Bennett*, 71 So. 3d at 844.

The ALJ's order correctly states this law. The ALJ found the presumption did not apply because Appellant did not prove the existence of a brain injury resulting in permanent and substantial impairment, elements without which the timing presumption remains inactive.[*] The ALJ's findings about the absence of a brain injury and resulting impairment are supported by competent, substantial evidence—i.e., "evidence that is 'sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached.'" *Demichael v. Dep't of Mgmt. Servs., Div. of Ret.*, 334 So. 3d 691, 695 (Fla. 1st DCA 2022) (quoting *De Groot v. Sheffield*, 95 So. 2d 912, 916 (Fla. 1957)).

The ALJ credited the testimony of NICA's experts, who indicated that Child did not sustain a brain injury and did not have permanent and substantial impairments. As noted by the ALJ, NICA's experts based their testimonies, at least in part, on the battery of tests taken before Child's discharge from the hospital, which did not reveal a brain injury. NICA's experts also testified that the purported developmental delays Child is experiencing can be attributed to a variety of factors that are unrelated to a brain

---

[*] We note the ALJ found that Child's oxygen deprivation took place "during the course of labor, delivery, and the post-delivery period." Therefore, the timing element that the presumption would have supplied was already present.

injury. While Appellant's experts did not share these views, the ALJ—as was her duty—resolved this "battle of the experts." *See Rossi v. Brown*, 581 So. 2d 615, 617 (Fla. 5th DCA 1991) (observing that "a 'battle of the experts' has become the norm in modern trials" and that "no matter how difficult or complex" an issue becomes, "[c]ourts must resolve the issues upon which the experts differ"); *see also Olesky ex rel. Est. of Olesky v. Stapleton*, 123 So. 3d 592, 594 (Fla. 2d DCA 2013) (reflecting that medical cases often become "a 'battle of the experts'").

We cannot substitute our judgment for that of the ALJ's "as to the weight" to ascribe to this competent, substantial evidence. *See* § 120.68(10), Fla. Stat.; *see also Bill Salter Advert., Inc. v. Dep't of Transp.*, 974 So. 2d 548, 551 (Fla. 1st DCA 2008) (noting that in administrative cases, the appellate court is not permitted to "judge the credibility of the witnesses" since that task is left to the ALJ). Indeed, reversal in this case would require a reweighing of the evidence, something the law precludes us from doing. *See Matteini v. Fla. Birth-Related Neurological*, 946 So. 2d 1092, 1096 (Fla. 5th DCA 2006) ("[I]t appears that the Matteinis are asking this Court to reweigh the evidence considered by the ALJ. . . . While the Matteinis offered countervailing testimony from various experts and lay witnesses, the ALJ credited NICA's witnesses more heavily. The ALJ's factual finding . . . is supported by substantial competent evidence and is conclusive and binding on this Court.").

Because the ALJ concluded that Appellant did not show a "birth-related neurological injury" as defined by section 766.302(2), and because the findings underlying this conclusion are supported by competent, substantial evidence, we must affirm.

AFFIRMED.

MAKAR, JAY, and SOUD, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

4